T. J. MULLIN, v. IRA WHITE and JAMES HUDSON ET AL., Appellants.

> **Estates of decedents:** SALE OF REAL ESTATE: INTERESTED PARTIES: NOTICE: COLLATERAL ATTACK. The creditor of an heir holding an attachment lien upon his interest in real estate belonging to the estate is an interested party, and entitled to notice of an application by the administrator for an order to sell the real estate to pay debts; and if an order of sale is made without notice to him his lien is not displaced, and he may attack the proceeding in a collateral action to enforce his lien against the land in the hands of the purchaser.

*Appeal from Keokuk District Court.*— HON. BYRON W. PRESTON, Judge.

THURSDAY, JUNE 6, 1907.

SUIT in equity to subject real estate to the payment of a judgment. There was a decree for the plaintiff, from which the defendants appeal.— *Affirmed.*

*J. D. Butler,* for appellants.

*J. M. Dower* and *Saunders & Stewart,* for appellee.

SHERWIN, J.— Hannah Bigley died intestate in Keokuk county, Iowa, about August 1, 1903, leaving surviving her a husband, Patrick Bigley, and collateral heirs, among whom was Michael McGurk, who by reason of the death of said intestate became the undivided owner of a moiety of intestate's real estate. August 17, 1903, the plaintiff herein commenced suit against Michael McGurk in the district court of Keokuk county, Iowa, and caused a writ of attachment to issue therein and be levied upon an undivided one-sixth interest in the real estate of which said Hannah Bigley died seised as the interest of said Michael McGurk therein. The writ was levied August 17, 1903, notice thereof duly served, return made, and the proceeding duly entered upon the incumbrance book of said court. At the December, 1903, term of said court, the case was transferred to the district court of Potawattamie county for trial, the transfer being made upon the application of McGurk, who claims to reside in said county. Pursuant to this order, a transcript of the proceeding was sent to that court, and a record of the transfer was duly made in the Keokuk county court. The plaintiff obtained a judgment against McGurk at the May term, 1905. Thereafter a transcript of the proceedings in the Pottawattamie court was duly filed in the Keokuk county court. On August 12, 1903, an administrator of the estate of Hannah Bigley was duly appointed and qualified. At the December, 1903, term of the District Court of Keokuk county said ad-

ministrator filed his application for an order authorizing him to sell all the real estate of said decedent for the purpose of paying debts of the estate and the expenses of the administration thereof, and on the 2d day of March, 1904, the court made an order directing and authorizing said administrator to sell all of the real estate of said decedent.  In July, 1904, the administrator filed his report showing a sale of the land to the defendant, Ira White, and on the same day the district court approved said sale and ordered a conveyance of said premises to be made to the purchaser.  The conveyance was thereafter executed and approved by the court, and a complete record thereof made.  No notice of any kind of the application to sell the real estate was given to the plaintiff, and it is upon the failure to give such notice that he bases his contention that the order of sale was a nullity as to him. This action was thereafter commenced; the plaintiff filing a petition in two counts, the first count of which it is unnecessary to more particularly notice.  The second count of the petition recognizes the administrator's sale and the claims against the estate, and the pro rata share thereof with which McGurk's interest was burdened, and asked that a special execution issue against the interest of McGurk in the real estate subject to his share of the charge against the entire estate, and that his judgment be declared a lien superior to the title of the defendant.  This relief was granted; the court finding that McGurk's one-sixth interest in the estate was subject to a charge thereon amounting to $452.60, said amount being a pro rata share of the debts and charges against said one-sixth interest.

The appellants contend that, although no notice of the application to sell was given to the plaintiff herein, he cannot assail the order in this action, that the court had jurisdiction to order the sale notwithstanding the lack of notice to the plaintiff, and that the plaintiff's only remedy was by a direct attack upon the order of sale.  Code, section 3324, provides as follows:  Before any order for the sale of an

intestate's land for the payment of debts can be made, " all persons interested in such real estate shall be served with notice in the same manner as is prescribed for the commencement of civil actions, unless a different one is prescribed by the court or judge." That the appellee was an interested party in reference to the administrator's sale of the real estate we do not think can be successfully disputed; in fact, the appellants do not claim that he was not such an interested party as the statute refers to. His attachment had been levied upon the real estate in Keokuk county, and such levy had not been released or in any way affected thereafter. Being entitled to notice under the statute, and no notice of any kind having been given him, we think it clear under the decisions of this court that the lien of his attachment and judgment was never displaced by the title acquired by the defendants, and that he may properly assail said order in this collateral action. The question presented involves the power of the court to make an order or render a judgment displacing his lien without notice of any kind to him, and, if the court had no jurisdiction to make the order, it may be at-tacked in a collateral proceeding. *Good v. Norley,* 28 Iowa, 188; *Valley National Bank v. Crosby,* 108 Iowa, 651; *Rankin v. Miller,* 43 Iowa, 1; *Washburn v. Carmichael,* 32 Iowa, 475. And see, also, *Thornton v. Mulquinne,* 12 Iowa, 554; *Cooper v. Sunderland,* 3 Iowa, 129; *Morrow v. Weed,* 4 Iowa, 77; *Shawhan v. Loffer,* 24 Iowa, 217; *Iowa L. & T. Co. v. Holderbaum,* 86 Iowa, 1.

In support of their contention, the appellants chiefly rely upon *Spurgin v. Bowers,* 82 Iowa, 187, and at first blush the case appears to be authority for their contention, but a careful anaylsis of that case shows that it is distinguishable from the case at bar. There a sale was made without notice, and it was claimed that the entire order should be set aside and the sale itself be declared null and void because of the want of notice. This is made to appear very clearly from the language of the opinion, and the court refused to grant

that particular form of relief.   The opinion says: "The contention of the appellant is not that the order of sale is inoperative as to the interest he claims, but as to the whole." The court did not determine therein that the sale was incperative as to his interest, but only that the entire proceedings were not void because of the failure to serve notice on only one of several parties having an interest in the real estate.   It is true that some of the reasoning of the opinion lends support to the appellants' convention herein, but its use was not necessary in the disposition of that particular case, and we are not inclined to adopt it as a rule governing this case, when the effect would be to overrule several former decisions of the court.   It was determined by this court in *Good v. Norley, supra,* that a proceeding to sell the real estate of an intestate for the payment of his debts is not *in rem,* but is adversary; and, if this be true, it must follow that jurisdiction of the person cannot be acquired without some form of notice, and, further, that a necessary party to legal proceedings is entitled to his day in court, and this is true whether the proceeding be in probate or elsewhere.   The plaintiff never having been given such an opportunity, his interest in the land in question could not be affected by the order or judgment, and the decree of the district court must be, and it is *affirmed.*