MARY KRIV, Appellant, v. NORTHWESTERN SECURITIES COMPANY et al., Appellees.

No. 46918.

1190

November 12, 1946.

R. B. Pike and F. W. Lohr, both of Sioux City, for appellant.

Shull & Marshall, Baron & Bolton, Gleysteen, Harper & Sinclair, all of Sioux City, for appellees.

GARFIELD, C. J.—Since the trial court held plaintiff's petition should be dismissed, under the uncontroverted facts stated in all the pleadings, a summary of the essential fact allegations of the pleadings seems necessary.

Plaintiff's petition, filed in April 1944, alleges she is the owner of a bond for $1,000, of a total of $85,000 issued in 1929, secured by a trust deed upon real estate in Sioux City; in April 1934, the trustee brought suit to foreclose the trust deed because the bonds were in default; in October 1934, judgment was entered for $97,551, plus $1,015 attorney's fees and costs, "and for the sale under special execution of the mortgaged real estate"; in November 1934, the real estate was sold under special execution to the trustee for $76,059, which was credited on the judgment; in November 1935, sheriff's deed for the property was issued to the trustee; in June 1939, the trustee, "upon order of court authorizing and directing a sale, made a pretended conveyance of the real estate in controversy to the defendant Northwestern Securities Company for an alleged consideration of $43,750"; such conveyance was void because "the trust deed granted to the trustee no power of sale * * * no notice of the proceedings looking to a sale of the premises was ever served upon the plaintiff and the other holders of said bonds"; and for other similar reasons which need not be stated here; plaintiff is the equitable owner of the real estate to the extent of her interest in the bonded debt; the names of the other bondholders are unknown to plaintiff but they

should be ascertained and brought into the case so the property may be partitioned or sold and the proceeds divided. Copy of the trust deed which contains the form of bond is set out as part of the petition. Plaintiff prays for partition, the quieting of her title, and such other relief as may be equitable.

Defendant Northwestern Securities Company, and other defendants who disclaim any interest in the property, admit in their answer most of the above fact allegations but deny plaintiff's conclusions that the deed to the Northwestern was void and that she is the equitable owner of an interest in the property. Defendants further allege the decree of foreclosure of the trust deed authorized the trustee to bid in the property at the foreclosure sale, to receive the certificate of sale and, in the event of no redemption, the sheriff's deed, for the use and benefit of the bondholders in the proportion that the claim of each bondholder bears to the total debt.

The answer further alleges that on February 24, 1939, the trustee filed application in the foreclosure proceedings stating that one of the bondholders had in turn filed application therein asking the trustee to sell the property and the trustee believes the court should authorize him to advertise it for sale; the trustee's application was submitted to the court, who directed the trustee to advertise that he would accept sealed bids on the property at a named place on March 4, 1939; the trustee gave notice of said order, as required by the court, by publication in the Sioux City Tribune and Sioux City Journal, and proof of such publication was duly filed; on March 6, 1939, the trustee filed application for authority to sell the property, stating that all the bondholders were not known and it would be impossible to secure personal service on all of them and asking that time and place of hearing on the application and the kind of notice be prescribed; the court fixed the time and place of hearing and provided for notice by three publications in the Sioux City Journal at least ten days before such time; notice was published as directed and proof of publication filed; the court found it was for the best interests of all concerned that the trustee sell the property and such sale was authorized; the court prescribed further notice of the sale by two publications in the Sioux City Journal at least five days before the

sale; the sale was postponed for a week by the court, who ordered a further publication of the notice of sale, which was given; a bid of $43,750 from the Northwestern Securities Company was received by the trustee and reported to the court, who authorized the acceptance of the bid; the sale and deed were reported to the court and approved and the purchase price was paid. The answer asks that plaintiff's petition be dismissed and the title of the Northwestern be quieted.

■ Plaintiff's reply to the foregoing answer does not deny any of the fact allegations above summarized and they are therefore deemed admitted. Rule 102. (All references to Rules are to Rules of Civil Procedure.) The reply does reiterate the conclusion stated in the petition that the sale to the Northwestern was void because no notice thereof was served upon the bondholders and their title could not be divested by a notice published in the newspapers.

■ Defendant Northwestern Securities Company filed its verified motion for summary judgment under Rules 237, 238. Said defendant and other defendants (the principal other defendant is the present holder of a mortgage against the property) filed application under Rule 105 for adjudication of law points. In this application they also moved for judgment under the uncontroverted facts stated in all the pleadings, pursuant to Rule 222. These motions assert that the only issue in the case is one of law, viz., whether what was done under the foreclosure proceedings conveyed good title to the Northwestern, and this issue should be determined by rulings on the motions.

The court in effect held that the only issue in the case was the law question stated by defendants. This issue was determined in favor of defendants, the motions for summary judgment and for judgment on the pleadings were sustained, and plaintiff's petition was dismissed. While upon this appeal plaintiff asserts a number of errors, the two principal contentions are that the court erred (1) in deciding the case without a trial on the merits by sustaining defendants' motions, and (2) the sale by the trustee is void because the published notices were insufficient to confer jurisdiction upon the court to order the sale.

. . . It was, of course, proper for the trial court to rule on defendants' motions and *if the law question therein presented was correctly decided* plaintiff was not entitled to a trial upon the merits.

Rule 237, so far as applicable here, states:

"Summary judgment may be entered in an action, upon any claim therein, which is either * * *

"(e) To quiet or settle title to real estate or any interest therein * * *."

Rule 238 provides in part:

"Plaintiff making a claim described in rule 237 may file a motion for summary judgment thereon at any time after defendant appears, before or after answer. He shall support the motion by affidavit of himself or some person with personal knowledge of the facts, verifying the claim * * * and his belief that no defense exists against it. * * * Judgment shall be entered as prayed in the motion unless within ten days after it is filed, or such other time as the court may, for good cause, allow, the defendant resists it with affidavits showing facts which the court deems sufficient to permit him to defend."

. . . Insofar as the Northwestern asked in its answer that its title be quieted, clearly such claim was one "To quiet or settle title to real estate" within Rule 237. Rule 238, from which we have quoted, designates a "Plaintiff making a claim described in rule 237" as the proper party to move for summary judgment. The Northwestern alleged in its motion for summary judgment and the trial court held that insofar as it sought to have its title quieted it was a "plaintiff" entitled to move for summary judgment under Rules 237, 238. We approve this holding.

While a "plaintiff" is ordinarily the party who initiates the action by filing the petition, a defendant who seeks affirmative relief by a cross-action is frequently held to be a plaintiff for such purpose. Such a party is a "plaintiff" with regard to his counterclaim in the sense that he is the claimant or moving party who has asserted a cause of action. And, with respect to that cause of action, the party against whom relief is sought

is a defendant. 32 Words and Phrases, Perm. Ed., 605–607; 48 C. J. 1219. See, also, Grimes v. Kelloway, 204 Iowa 1220, 1226, 216 N. W. 953.

The construction we have given Rule 238 is consistent with and makes effective the language of Rule 237 that, "Summary judgment may be entered in an action, *upon any claim therein,* which is * * * To quiet or settle title to real estate * * *." (Italics supplied.)

The Northwestern filed its motion for summary judgment on November 28, 1945. The motion was submitted on December 21, 1945, and the rulings of the court were made on December 29th. Plaintiff filed no resistance to the motion until December 22, 1945. Perhaps the court might have entered judgment as prayed in the motion because plaintiff failed to file resistance within ten days. (The court allowed no further time for filing such resistance.) See Rule 238 from which we have quoted. However, so far as shown, defendants sought no relief in the trial court because of delay in filing plaintiff's resistance; the trial court's ruling was not placed upon such ground and we do not feel justified in deciding the case on a question apparently not raised in the court below.

As stated, not only did the Northwestern invoke Rules 237, 238, pertaining to motions for summary judgment, but defendants also invoked Rule 105, which requires the court, on application made after issues joined and before trial, to hear and determine any point of law raised in any pleading which goes to the whole or any material part of the case. Defendants also invoked Rule 222, which provides:

"Any party may, at any time, on motion, have any judgment to which he is entitled under the uncontroverted facts stated in all the pleadings, or on any portion of his claim or defense which is not controverted * * *."

We think these rules are applicable here. If, as defendants contend and the trial court held, the foreclosure proceedings—including the order approving the sale from the trustee to the Northwestern—as shown by the pleadings, are valid, nothing remains for trial. If, however, as plaintiff argues,

the order approving such sale is shown by the pleadings to be void and without jurisdiction, the trial court erroneously decided the law question which defendants sought to have determined and its rulings must be reversed. We think the law question was not correctly decided.

It must be admitted, as defendants contend, this is not a direct but a collateral attack upon the order approving the sale to the Northwestern. Any mere error in such order is not now reviewable. The order may be attacked collaterally only if it was entered without jurisdiction. We are thus concerned only with the question whether, as plaintiff contends, the order is void for want of jurisdiction. See Weir & Russell Lbr. Co. v. Kempf, 234 Iowa 450, 454, 12 N. W. 2d 857, 860, and authorities cited; Mullin v. White, 134 Iowa 681, 684, 112 N. W. 164, and cases cited. See, also, Anderson v. Schwitzer, 236 Iowa 765, 773, 20 N. W. 2d 67, 71, and authorities cited; also Iowa cases hereinafter cited.

The trust deed authorizes the trustee, in the event of default, to bring foreclosure proceedings but is silent as to his right to bid in the property at foreclosure sale. We have adopted the rule which prevails in a number of jurisdictions that the court may authorize the trustee upon foreclosure to bid in the property for the benefit of the bondholders, as the court did here in the foreclosure decree. This right of the trustee to bid in the property is held to be implied by the power to foreclose. See Silver v. Wickfield Farms, 209 Iowa 856, 859, 227 N. W. 97; Newlander v. Riverview Realty Co., 238 Wis. 211, 298 N. W. 603, 608, 135 A. L. R. 383; First Nat. Bk. v. Neil, 137 Kan. 436, 20 P. 2d 528, 88 A. L. R. 1252 and annotation 1260; Restatement of the Law, Trusts, section 231h. For contrary authorities, see Cosmopolitan Hotel, Inc. v. Colorado Nat. Bk., 96 Colo. 62, 40 P. 2d 245, 96 A. L. R. 1446, and cases there cited.

The trust deed and the decree of foreclosure are silent as to any authority of the trustee to sell the real estate which he held under the decree "for the use and benefit of the bondholders." Before the court could authorize such sale, the bondholders (or holders of certificates issued under the decree in lieu of the bonds), who were the equitable owners of the prop-

erty, were entitled to notice or in some way must have been made parties. In such a matter, i. e., the seeking by the trustee of authority not conferred by the trust deed, the trustee cannot be regarded as the representative of the bondholders. That was a matter between the trustee and the beneficiaries. In support of these views, see 54 Am. Jur. 354, section 447; id. 460, section 594; 65 C. J. 748, section 614; annotation 105 A. L. R. 195, 204; Colorado & S. R. Co. v. Blair, 214 N. Y. 497, 108 N. E. 840, 843, Ann. Cas. 1916D, 1177, and authorities cited. See, also, T. J. Moss Tie Co. v. Wabash R. Co., D. C., N. Y., 11 F. Supp. 277, 285, 286; Valley Nat. Bk. v. Crosby, 108 Iowa 651, 655, 79 N. W. 383.

██ Defendants contend the published notice of hearing on the trustee's application for authority to sell was sufficient to confer jurisdiction upon the court to order the sale. Under Rule 341(b) we have caused to be certified to this court this notice, as shown by proof of publication filed in the foreclosure, together with all other papers filed in the foreclosure from February 24, 1939, when the trustee's application was filed. Defendants sought to incorporate by reference in their motion for summary judgment all files in the foreclosure. At least as to defendants, such files are properly before us. Copy of the published notice of hearing on the trustee's application for authority to sell is attached to plaintiff's resistance to the motion for summary judgment.

This is the published notice to which we have just referred:

"NOTICE OF TIME AND PLACE OF HEARING ON APPLICATION FOR SALE OF REAL ESTATE.

"To WHOM IT MAY CONCERN:

"You are hereby notified that F. A. Heldridge, as trustee, has filed an application for authority to sell the east one-third of Lots 7 and 8, Block 17, Sioux City, East Addition, an addition to Sioux City, Woodbury County, Iowa, and that the court has fixed the time and place of hearing at nine o'clock A.M., on March 25, 1939, at the District Court House in Sioux City, Woodbury County, Iowa; that the application for authority to sell asks that the sale be by public auction, that the sale

be subject to the approval of the court, and at which time and place you may appear and show cause why said authority should not be granted.

"F. A. Heldridge, Trustee."

Assuming the beneficiaries could be brought into the foreclosure suit by notice published about four and one-half years after the decree of foreclosure, without the institution of a separate action by the trustee, we think the above notice insufficient. The notice is not addressed to the bondholders. It contains no reference to these Magoun bonds, the bondholders, the trust deed, or the foreclosure. There is no intimation in the notice that these bondholders were interested in the application or that their rights would be affected by authorizing the sale of the property. The notice does not state for whom F. A. Heldridge was trustee. Heldridge is not the trustee named in the bonds or the trust deed but was appointed after plaintiff alleges she acquired her bonds. The bare legal description of the property would convey little information to the bondholders. The bonds do not describe the property except by reference to the trust deed. The notice does not state, except possibly by implication, where the trustee's application was filed.

Without holding that any one of these omissions in the notice is fatal we think the notice as a whole did not have a reasonable tendency to give the bondholders knowledge of the trustee's application and opportunity to be heard. This is the test stated in Restatement of the Law, Conflict of Laws, section 100c, for which defendants contend.

In considering the sufficiency of this notice, we observe that the trustee's application for authority to sell states, "many of the bondholders are unknown, and it would be impossible to get notice by personal service on some of said bondholders." (The bonds were payable to the trustee or to bearer or registered holder, in case of registration.) However, no reason appears why bondholders whose names and addresses were known could not have been notified personally or by mail, as seems to have been done in many cases where a trustee for bondholders seeks court authority to act in a manner not authorized by the trust instrument.

We observe further that the notice published by the trustee in February that he, "offers for sale" the described property, and the notices of sale published in March and April 1939, are about as indefinite as the notice set out above. These other notices were obviously intended primarily to attract attention of prospective purchasers and it is not probable they would convey knowledge to the bondholders of the contemplated sale of the property of which they were beneficial owners. And there is no showing that any of these notices came to plaintiff's attention.

■ Where reliance is placed on notice by publication which may never come to the attention of the party to be charged the contents of the notice are measured with greater strictness than where the notice is personally served. Thornily v. Prentice, 121 Iowa 89, 94, 96 N. W. 728, 100 Am. St. Rep. 317; Fanning v. Krapfl, 61 Iowa 417, 419, 14 N. W. 727, 16 N. W. 293.

In numerous cases we have held insufficient to confer jurisdiction a notice that more nearly complies with the essential requirements of a notice than the one involved here. See cases last above; also, Barton v. City of Waterloo, 218 Iowa 495, 255 N. W. 700; In re Assignment of Lounsberry, 208 Iowa 596, 600, 601, 226 N. W. 140; Geneva v. Thompson, 200 Iowa 1173, 206 N. W. 132; In re Paving Assessments, 193 Iowa 1234, 188 N. W. 780; Sleeper v. Killion, 166 Iowa 205, 214, 147 N. W. 314; Steele v. Murry, 80 Iowa 336, 45 N. W. 1030.

■ Since the notice set out above was insufficient to confer jurisdiction on the court as to plaintiff, her interest in the property was not affected by the order of sale. The court therefore erred in sustaining the Northwestern's motion for summary judgment, defendants' motion for judgment on the pleadings, in deciding as it did the law question which defendants sought to have determined, and in quieting the Northwestern's title as against plaintiff. We have no way of knowing what evidence may be offered upon trial of the case and cannot determine at this time what the final judgment in the case should be.

We deem it proper to add that in some cases of this kind, under the doctrine of class representation, it is held in effect

1200

that the interests of all bondholders are sufficiently protected by those who appear in the action, are made parties, or consent to the act for which the trustee seeks court authority. See Colorado & S. R. Co. v. Blair, supra, 214 N. Y. 497, 108 N. E. 840, 843, 844, Ann. Cas. 1916D, 1177; T. J. Moss Tie Co. v. Wabash R. Co., supra, D. C., N. Y., 11 F. Supp. 277, 285, 286. Defendants have not invoked this doctrine and, of course, we express no opinion as to whether it would be applicable here.

For further proceedings in harmony with this opinion, this cause is—Reversed and remanded.

All JUSTICES concur.