MARY KRIV, Appellant, v. NORTHWESTERN SECURITIES COMPANY et al., Appellees.

No. 47120.

(Reported in 29 N. W. 2d 865)

DECEMBER 16, 1947.

REHEARING DENIED FEBRUARY 13, 1948.

R. B. Pike and F. W. Lohr, both of Sioux City, for appellant.

Shull & Marshall, Baron & Bolton, and Harper, Sinclair, Gleysteen & Nelson, all of Sioux City, for appellees.

MULRONEY, J.—A three-story brick building in Sioux City was acquired by a trustee for bondholders in a foreclosure action. The trustee later petitioned the court for an order to sell the property to the highest bidder. Sale was made to the defendant Northwestern Securities Company and a deed made to them was approved by the court. This action to quiet title and partition by a bondholder, Mary Kriv, is in effect an action to set aside the above deed. A more extended statement of facts is contained in our opinion on a former appeal. See Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1196, 24 N. W. 2d 751, 755. In the former opinion we reversed the summary judgment entered in favor of the defendant, stating:

"The trust deed and the decree of foreclosure are silent as to any authority of the trustee to sell the real estate which he held under the decree 'for the use and benefit of the bondholders.' * * * the bondholders (or holders of certificates issued under the decree in lieu of the bonds), who were the equitable owners of the property, were entitled to notice * * *."

In this former opinion we reviewed the record showing the published notice of the hearing on the trustee's application for authority to sell, and held, at page 1198 of 237 Iowa, page 756 of 24 N. W. 2d, this notice "did not have a reasonable tendency to give the bondholders knowledge of the trustee's application and opportunity to be heard."

Trial has now been had, resulting in a judgment for the defendant, and plaintiff appeals.

I. This was a judicial sale, in that it was made under an order of court having authority to order such a sale, subject to the court's confirmation. 50 C. J. S., Judicial Sales,

section 1a; Richardson v. Jones, 106 Va. 540, 56 S. E. 343. It is the policy of the courts to uphold judicial sales where it can be done without violating settled principles of law. 50 C. J. S., Judicial Sales, section 1b; Holt v. Joseph F. Dickmann Real Estate Co., Mo. App., 140 S. W. 2d 59.

II. In our former opinion we held the notice upon the trustee's application for authority to sell was insufficient. The defendant (Northwestern Securities Company) now argues earlier notices in connection with a petition of intervention of another bondholder were sufficient to confer jurisdiction. We have examined these notices. They are just as lacking in the essentials of a valid notice as the one held insufficient upon the former appeal and, in any event, they are immaterial. The record does not show the petition of intervention was ever disposed of.

III. Defendant's argument that this intervening bondholder was a class representative is also without merit. The evidence is clear the intervening bondholder was endeavoring to buy the property for himself as cheaply as possible.

IV. Defendant pleads waiver and estoppel, and it is the law that proper notice of a judicial sale may be waived by the party for whose benefit the notice is given, and he may by his conduct be estopped from asserting the invalidity of the notice and resulting judicial sale. 31 Am. Jur., Judicial Sales, section 49; 50 C. J. S., Judicial Sales, section 64; Hayes v. Betts, 227 Ala. 630, 151 So. 692, 95 A. L. R. 1484; Burmeister v. Dewey, 27 Iowa 468; Chambers v. Cochran and Brock, 18 Iowa 159. In the last-cited case we stated, at page 170:

''The application to vacate judicial sales of property should, of course, be seasonably made. Acquiescence may be inferred from delay, and long delay with knowledge of the facts, may justify the court in refusing relief, especially if intervening rights have attached, or the circumstances have essentially changed.''

In the Burmeister case we refused to disturb a judicial sale for an irregularity in the manner of selling the property after the lapse of nine years of possession by the purchaser, and his grantees.

Plaintiff admits her husband was her agent in all matters in connection with the bond upon which her claim is founded. The record shows the foreclosure action was filed in 1934 and the property was bid in by the trustee in 1935. There was evidence of activity, on the part of other bondholders, to force a sale of the property during the first few months of 1939, and the evidence rather indicates Mr. Kriv knew of this activity. In any event, he states he did know of the sale to the defendant within a short time after the sale was made and he was told to go to the clerk's office and get his share of the purchase price. The sale to the defendant was made on April 15, 1939, and confirmed by the court on June 20, 1939.

There is no showing that the plaintiff was prejudiced in any manner or that an inadequate price was realized at the sale. The property had been appraised by appraisers appointed by the court at $45,000. There were five bids at the sale and the defendant's bid of $43,750 was the highest bid. Plaintiff introduced no evidence as to the value of the building in April of 1939.

The record shows defendant has spent $125,000 improving and remodeling the building; that these improvements started immediately after defendant purchased the building and plaintiff's husband admits he has seen the building nearly every day for the past five or six years. This action was commenced in April of 1944, nearly five years after the sale and almost five years after plaintiff's husband knew of the sale. We hold the record supports the defense of waiver and estoppel. 50 C. J. S., Judicial Sales, section 10e.

Under the whole record we conclude the trial court was right in refusing to set aside the sale to the defendant.

Nothing herein is to preclude plaintiff from obtaining her share of the purchase price paid into the clerk's office, shown by the record to be in the sum of $358.51.

The cause is affirmed.—Affirmed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, MANTZ, SMITH, and HAYS, JJ., concur.