**IN THE COURT OF APPEALS OF IOWA**

No. 19-0076
Filed February 19, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESSE LEE WATERLAND,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Steven J.
Holwerda, District Associate Judge.

A defendant appeals convictions for motor vehicle violations. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for
appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney
General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

The defendant pleaded guilty to felony eluding and operating while intoxicated (OWI), third offense.  On appeal, he alleges procedural defects in his plea proceedings and error in the denial of his motion in arrest of judgment.  We find his procedural arguments to be unpreserved, and we find no abuse of discretion in the denial of his motion in arrest of judgment.  Accordingly, we affirm.

**Facts and Proceedings**

In the early morning hours of April 10, 2018, Jasper County Deputy Sheriff Ryan Engle noticed a passing vehicle's rear license plate was not properly illuminated.  The vehicle, a Chrysler PT Cruiser, was registered to an owner with a "surrendered" license.  After verifying the vehicle's registration, Deputy Engle attempted to initiate a stop.  The PT Cruiser traveled considerable distance in the time it took Deputy Engle to research the vehicle's registration, and to make up for lost ground, Deputy Engle drove at speeds reaching 120mph.

After closing the distance on the PT Cruiser, Deputy Engle used radar to measure its speed, obtaining measurements of eighty-eight and ninety miles per hour. The driver committed lane violations and ignored stop signs, eventually leaving the road for a "packed path in the grass" while traveling at "road/highway speed."  The PT Cruiser hit a tree stump and rolled onto its rooftop.  The driver, Jesse Lee Waterland, opened the door and fled.  After a foot pursuit that led the officer through two creeks, Deputy Engle apprehended Waterland.  Deputy Engle noted Waterland's breath smelled of alcohol and his speech was slowed and slurred.  Waterland claimed the smell came from the spill of an open container while he was driving.

Deputy Engle arrested Waterland and recited *Miranda* warnings, after which Waterland conceded possession of drug paraphernalia, though at that point Deputy Engle had not located any paraphernalia. The two headed back to Deputy Engle's patrol vehicle. On the way to the patrol vehicle, a falling tree limb struck both Waterland and Deputy Engle. Waterland conceded ownership of a needle lying adjacent to his car and admitted to using methamphetamine the previous day. The two met with Newton medics, and an ambulance arrived. Deputy Engle administered the horizontal gaze nystagmus test, during which he noticed nystagmus in both of Waterland's eyes. Waterland did not consent to a preliminary breath test and, after Deputy Engle invoked implied consent, Waterland again refused to provide a sample. Later, another deputy located an open alcoholic beverage container in the PT Cruiser and sent photographs to Deputy Engle.

The State filed a trial information in Jasper County on April 14, 2018, charging Waterland with OWI, third offense, in violation of Iowa Code section 321J.2 (2018) and eluding or attempting to elude a pursuing law enforcement vehicle, in violation of Iowa Code section 321.279(3)(b).[1]

Waterland pleaded guilty to both counts on June 6, 2018. After substitute counsel was requested and granted on December 10, Waterland's new counsel filed a motion in arrest of judgment on December 14, 2018.

The court considered the motion in arrest of judgment at a January 9, 2019 sentencing hearing. The court denied the motion in arrest of judgment,

---

[1] Section 321.279(3)(b) applies if the eluding driver is operating while intoxicated (section 321J.2) or in violation of the drug offenses set out in section 124.401.

entered convictions against Waterland on both counts, and ordered the sentences to run consecutively.  Waterland appeals.

**Standard of Review**

Challenges to guilty pleas are reviewed for corrections of errors at law. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).  We review a trial court's grant or denial of a motion in arrest of judgment for abuse of discretion.  *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008).

**Discussion**

On appeal, Waterland attacks his guilty plea and the trial court's denial of his motion in arrest of judgment.  He asks us to vacate his plea and sentence because (1) the trial court's explanation of the minimum and maximum punishments for the operating-while-intoxicated offense was inaccurate, (2) the trial court failed to ensure his prior-offense stipulation was voluntary and intelligent, and (3) the trial court abused its discretion in denying his motion in arrest of judgment because his plea lacked a factual basis.  The State argues Waterland must seek discretionary review in light of Senate File 589 and further asks us to deny discretionary review.  We reject the State's argument in light of *State v. Macke*, 933 N.W.2d 226 (Iowa 2019).[2]  However, we find error preservation flaws in each of Waterland's claims and therefore affirm the judgments below.

---

[2] In *Macke*, 933 N.W.2d at 235, the Iowa Supreme Court determined that Senate File 589's modifications to Iowa Code section 814.6 "do not apply to cases pending on July 1, 2019."  The State's argument under Iowa Code section 814.6(2) relies on paragraph (f), which was newly added by Senate File 589. Because this case was pending on July 1, 2019, and supreme court precedent binds us, we reject the State's argument.

Several error preservation issues are present. We first discuss whether Waterland has timely filed a motion in arrest of judgment, a mandatory precondition to raising a claim of error in his guilty plea or habitual offender proceedings on appeal.

Defendants are required to file a motion in arrest of judgment if they wish to attack their guilty plea on appeal. Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *see also Fisher*, 877 N.W.2d at 680. A motion in arrest of judgment "must be made not later than 45 days after plea of guilty . . . but in any case not later than five days before the date set for pronouncing judgment." Iowa R. Crim. P. 2.24(3)(b).

Waterland did not meet the forty-five-day deadline. He entered pleas of guilty on June 6, 2018, and filed a motion in arrest of judgment on December 14, 2018. Despite the motion's untimeliness, the court considered the motion, stating, "Although the motion was, chronologically, not timely filed, the Court will consider it, simply because there had been a change of attorneys midstream, but the Court is going to deny the motion in arrest of judgment."[3]

Neither party's brief directly addresses the issue of the trial court considering the motion in arrest of judgment after the expiration of the forty-five-day time limit expressed in rule 2.24(3)(b). The State asserts the defendant's

---

[3] The motion in arrest of judgment was held in conjunction with sentencing in the instant proceeding, along with a hearing on an application for probation revocation in a separate case.

"three claims are unpreserved because Waterland failed to file a timely motion in arrest of judgment." By contrast, Waterland ignores the untimeliness of his motion in arrest of judgment and contends error is preserved with respect to all three of his arguments because "the Court denied the Motion."

The answer to the parties' disagreement over this threshold issue lies in Iowa Rule of Criminal Procedure 2.24(4)(a), which provides, "The time for filing motions . . . in arrest of judgment may be extended to such further time as the court may fix." Under rule 2.24(4)(a), the trial court was entitled to forgive the untimeliness of the motion in arrest of judgment.

Although Waterland's failure to timely file a motion in arrest of judgment was cured by the trial court's grant of an extension under rule 2.24(4)(a), our inquiry into error preservation does not end. As the State points out, Waterland's appellate brief raises several arguments for the first time that were neither raised in the written motion in arrest of judgment nor raised at hearing on the motion in arrest of judgment. The State asks that if we find the motion to be timely, that we then reject the arguments on appeal as unpreserved because they were omitted from the motion and not discussed at the January 2019 hearing on the motion in arrest of judgment or the sentencing hearing. The State's request presents a second question of error preservation: whether Waterland's arguments on appeal are limited to those he urged to the trial court in a motion in arrest of judgment or at the motion hearing. We conclude Waterland is so limited.

It is well established that the error preservation rule requires a defendant to file a motion in arrest of judgment to preserve an attack on his or her plea.

*State v. Smith*, 924 N.W.2d 846, 851 (Iowa 2019); *State v. Harrington*, 893 N.W.2d 36, 41 (Iowa 2017). This requires more than a mere filing of the motion. The error preservation rule is based on the notion that

> [i]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.

*DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002) (quoting 5 Am. Jur. 2d *Appellate Review* § 690, at 360-61 (1995)). This rationale leads to a narrower application of the error preservation rule: it "requires a party seeking to appeal an issue presented to, but not considered by, the district court to call to the attention of the district court its failure to decide the issue." *Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002).

The Iowa Supreme Court has used this application of the preservation-of-error rule to preclude newly raised arguments in the context of "motions to dismiss, motions for directed verdicts, motions for judgments notwithstanding verdicts, and objections to instructions." *DeVoss*, 648 N.W.2d at 61 (collecting cases); *see also State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996) (finding defendant's motion for judgment of acquittal did not preserve specific arguments made for the first time on appeal). We explicitly applied the rationale of *Meier*, *DeVoss*, and *Crone* to motions in arrest of judgment in *State v. Halverson*, No. 12-0571, 2012 WL 5547815, at *3 (Iowa Ct. App. Nov. 15, 2012). Following our decision in *Halverson*, we reiterate that the error preservation rule prohibits defendants from raising legal theories on appeal that went unmentioned in their

motion in arrest of judgment and any hearings on the matter. *See Kriv v. Northwestern Sec. Co.*, 24 N.W.2d 751, 754 (Iowa 1946) ("We do not feel justified in deciding the case on a question apparently not raised in the court below.").

Having set forth the contours of the error preservation rule, we now apply the rule to the instant case by considering each of Waterland's arguments in turn. Waterland's first claim posits that the trial court did not substantially comply with rule 2.8(2)(b)(2) when at his guilty plea proceeding on June 6, 2018, it failed to correctly inform him of a DARE Surcharge and the proper minimum and maximum fines for OWI, third offense. This claim was neither raised in the motion in arrest of judgment nor argued at the motion hearing. It is therefore unpreserved.

Next, Waterland alleges flaws in the prior-offense stipulation and colloquy that occurred on June 6, 2018, in relation to the charge for OWI, third offense. Specifically, he asserts the court failed to execute the third, fourth, and fifth steps from the prior-offense colloquy protocol as expounded in *Harrington*, 893 N.W.2d at 46. These steps require that courts inform defendants of the trial rights enumerated in Iowa Rule of Criminal Procedure 2.8(2)(b)(4); caution them that "no trial will take place by admitting to the prior convictions" and that "the state is not required to prove the prior convictions were entered with counsel if the offender does not first raise the claim"; and remind them that challenges to an admission based on defects in the habitual offender proceedings must be raised in a motion in arrest of judgment. *See Harrington*, 893 N.W.2d at 46. This claim was not raised in the motion in arrest of judgment or at hearing on the motion, and could be deemed unpreserved. However, because Waterland argues he

was not informed of the need to file a motion in arrest of judgment to challenge the prior-offense stipulation, we must consider whether his failure to preserve error is excused.

As explained in *Smith*, 924 N.W.2d at 851,

> no offender in a habitual offender stipulation proceeding should suffer *Harrington*'s error preservation sanction unless the court has complied with its duty under *Harrington* to inform the offender that challenges to the stipulation proceedings must be raised in a motion in arrest of judgment and the failure to do so precludes raising those challenges on appeal.

Under *Smith*, if Waterland was not informed of the need to file a motion in arrest of judgment to challenge the prior-offense stipulation, he will not suffer the sanction of the error preservation rule.[4]  However, because we find Waterland was so informed, he is precluded from raising this claim on appeal.

Waterland's prior-offense stipulation and guilty plea both took place on June 6, 2018.  At that hearing, the court said,

> One last thing, Mr. Waterland.  If you ever choose to challenge the proceedings here in court today, to say that we did something inappropriate in accepting your guilty plea or in any way you wish to try to back out of your guilty plea, the only way you can do that is by filing a motion in arrest of judgment.  And that motion is the only way you can challenge what we've done here in court today.  That motion has to be filed at least five days before you're sentenced.  So right now since sentencing is set for August 1, you would have to file that motion no later than July 27.  And if you don't file that motion before July 27, then you'd lose your right to ever challenge what we've done here in court today.  If you have any questions about that, Mr. Wallace, or any attorney, can answer those questions for you.

---

[4] Both *Smith* and *Harrington* involve a stipulation following a jury trial. In the instant proceeding, the prior-offense stipulations were addressed as part of a guilty plea proceeding.

The written order, filed the same day, also contained advisory language concerning the motion in arrest of judgment:

> Defendant is advised of his/her right to challenge the Court's acceptance of this guilty plea by filing a motion in arrest of judgment. Defendant was advised that in order to challenge acceptance of his/her plea of guilty, he/she must file motion in arrest of judgment within 45 days of this date, but not less than 5 days prior to the date of sentencing. Defendant was further advised that a failure to file a motion in arrest of judgment within that time will result in a loss of his/her right to challenge on appeal the Court's acceptance of his/her plea of guilty.

Waterland argues the motion-in-arrest-of-judgment colloquy lacks mention of the prior-offense stipulation and contends that such a flaw allows him to challenge his prior-offense stipulation on appeal. We reject this argument. The court instructed Waterland that, "If you ever choose to challenge the proceedings here in court today . . . the only way you can do that is by filing a motion in arrest of judgment." It reiterated the point: "And that motion is the only way you can challenge what we've done here in court today."

The trial court placed Waterland on notice of the need to file a motion in arrest of judgment to challenge any portion of the June 6 proceedings. Because those proceedings included both the guilty plea *and the prior-offense stipulation*, we hold the court's admonition was sufficient to satisfy the rule that a defendant must have notice of the need to file a motion in arrest of judgment to be subject to error preservation sanctions. *See Smith*, 924 N.W.2d at 851 (evaluating a district court's compliance with the notice requirement under a substantial compliance standard). We find "the court has complied with its duty under *Harrington* to inform [Waterland] that challenges to the stipulation proceedings

must be raised in a motion in arrest of judgment and the failure to do so precludes raising those challenges on appeal." *Id.*

Because we find the trial court complied with *Smith* and *Harrington* by properly informing the defendant of the need to file a motion in arrest of judgment, Waterland is not shielded from the error preservation rule. Having determined Waterland is not so shielded, we find his argument that the trial court failed to comply with *Harrington*'s requirements to ensure Waterland's prior-offense stipulation was voluntary and intelligent in his guilty plea to OWI, third offense, to be unpreserved, as no mention of this argument is contained in the written motion in arrest of judgment, nor did Waterland urge this issue to the trial court at hearing.

Waterland also contends the factual basis colloquy at his guilty plea proceedings was inadequate to support his guilty plea to felony eluding. He asserts that error is preserved on this issue because the trial court denied his motion in arrest of judgment. This argument was not raised in the motion in arrest of judgment or at the hearing; therefore, to the extent the argument is an attack on the guilty plea proceedings, it would be unpreserved. However, Waterland frames this argument as an attack on the district court's denial of the motion in arrest of judgment. Review of grants or denials of motions in arrest of judgment is for abuse of discretion. *Smith*, 753 N.W.2d at 564. We thus consider whether the sentencing court abused its discretion by denying the motion in arrest of judgment.

"An abuse of discretion occurs when a district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable."

*State v. Wilson*, 878 N.W.2d 203, 210–11 (Iowa 2016). "Grounds or reasons are clearly untenable if they are not supported by substantial evidence or if they are based on an erroneous application of law." *Eisenhauer ex rel. T.D. v. Henry County Health Center*, 935 N.W.2d 1, 9 (Iowa 2019). However, "[i]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *DeVoss*, 648 N.W.2d at 60 (quoting 5 Am. Jur. 2d *Appellate Review* § 690, at 360-61 (1995)). We will not consider abuse-of-discretion accusations premised on flaws that were not raised before the trial court. *Id.*

We find the sentencing court did not abuse its discretion in denying the motion. The only ground Waterland raises on appeal to support his abuse-of-discretion argument is the alleged lack of factual basis for the charge of felony eluding. Waterland challenges only the "marked official law enforcement vehicle" element of that charge. *See* Iowa Code § 321.279(3). Yet, neither Waterland nor his counsel noted the lack of factual basis for that particular element of the felony eluding charge during the hearing or in the motion in arrest of judgment.

While defense counsel argued generally that there was no factual basis to support the charges, defense counsel only specifically mentioned the charge for OWI, third offense. We therefore find Waterman's argument on appeal—that the "marked official law enforcement vehicle" element of the eluding charge lacked a factual basis—was not sufficiently urged to the district court for us to evaluate the district court's decision for abuse of discretion on that ground. *See Kriv*, 24 N.W.2d at 754. We will not fault the trial court for failing to consider the issue given these facts. *DeVoss*, 648 N.W.2d at 60.

**Conclusion**

We do not engage in de novo review of claims of error in guilty plea proceedings. Such errors are to be raised in timely filed motions in arrest of judgment. After the district court issues a ruling on a motion in arrest of judgment, we will then review that ruling for abuse of discretion. We will only examine those grounds that were properly urged in a motion or at the motion hearing. In addition, because of our longstanding practice of refusing to assume a partisan role, *see Inghram v. Dairlyand Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974), we will not consider arguments the defendant has not raised on appeal. As such, we find that the defendant's arguments that directly attack his guilty plea proceedings are unpreserved. We further find no abuse of discretion by the trial court in denying the motion in arrest of judgment.

**AFFIRMED.**