### ANDREWS v. ANDREWS.

1. MODIFICATION OF DECREE: LIMITATION. The power of the District Court to modify a decree of divorce, under § 2537 of the Revision of 1857, is not limited to one year after the entry thereof.

2. JURISDICTION. The District Court, having jurisdiction to enter a decree of divorce embracing an order relating to the children and property of the parties, retains power to modify the same, so long as it remains unexecuted, notwithstanding both parties may, after the entry of the decree, and before the modification, become residents of another State.

*Appeal from Marshall District Court.*

THURSDAY, DECEMBER 24.

THE facts are sufficiently stated in the opinion.

*Bradley* for the appellant.

*Henderson* and *Boardman* for the appellee.

LOWE, J.—In September, 1860, a decree, divorcing the parties, was entered of record in said county. It was

ordered that the defendant should pay Julia C. Andrews, the plaintiff, $300 as alimony, and that defendant should have the care and custody of the child, Obed T. Andrews, with the privilege, on the part of plaintiff, to visit and see the child on all reasonable occasions.

In December, 1862, the defendant made application in the form of a petition to change and modify the above order, upon the ground that the plaintiff has been greatly annoying him and his family by her pretended visits to see the child, and plotting to deprive him of the lawful custody of the same; that, in order to avoid her annoyance and the loss of the child, he had removed to the State of Ohio, but was followed by the plaintiff, who finally succeeded, through the hired agency of two men, in kidnapping the child; that it cost him $80, and much time and trouble to recover it again; that he still is compelled to keep the child guarded and from school, &c.·

The plaintiff, who was notified by publication of the pendency of this application, appeared and demurred to the petition on several grounds, but the two causes relied upon in argument were, that this Court had no jurisdiction of the subject matter or the parties; and secondly, that the application was made after the expiration of one year, contrary to the provisions of chapter 141 of the Revision of 1860. This demurrer was overruled, the defendant abiding the order; the original decree was modified, so as to cut off the plaintiff's right of access to the child in the future, and to reduce the former judgment of alimony to two hundred and twenty dollars.

In regard to the last objection stated, that this application was not made within one year after the rendition of the former decree, it is a sufficient reply to say that the same was evidently made under section 2537, which does not limit the power of the Court over this class of cases to the period of one year, but that its interposition may be

invoked, whenever the good of the ward and the interest of the parties may reasonably require.

As to the jurisdiction of the Court over the subject matter, which is alleged to be wanting because the parties had removed from the State, we are inclined to hold, that the same having once been duly acquired, it continues as long as the first judgment remains unexecuted, and under the control of the Court, and therefore binding upon the parties wherever they may be found. Viewing the objection in this light, the jurisdiction was not lost, and we accordingly affirm the judgment.

Affirmed.