CLARA BLACHLY, Plaintiff, Appellant, v. CHARLES BLACHLY et al., Appellees.

**DIVORCE: Custody of Children—Modification of Decree—Service by Publication—Jurisdiction.** The court has no power to order a service by publication in an application to modify a decree of divorce. A service by publication unless in strict accord with the statute is a nullity. (Sec. 3534, Sup. Code, 1913.)

PRINCIPLE APPLIED: A party to a divorce proceeding who had been denied the custody of a child, filed application for the modification of the decree. The judge indorsed thereon an order for the publication of the notice in a named newspaper for a named time and fixed the hearing thereon at a time which was not the commencement of a term of court as required by Sec. 3514, Code. Publication was so made. *Held,* no jurisdiction was acquired.

*Certiorari to Polk District Court.*—HON. HUGH BRENNAN, Judge.

WEDNESDAY, MARCH 17, 1915.

AN application was filed, in an original divorce case, by defendant, Charles Blachly, to modify a decree of divorce, asking that the custody of the child of the parties to the original action, which in original decree was awarded to plaintiff, be now awarded to the defendant, Blachly. Plaintiff and the child are nonresidents of Iowa and were at the time notice of such application was given. The notice was by publication. Plaintiff appeared specially and objected to the jurisdiction of the court to hear the application. The court overruled the objection and held it had jurisdiction. Plaintiff brings the matter here for review by certiorari. The judgment and order of the District Court overruling plaintiff's objection to the jurisdiction is reversed and annulled.

*H. L. Bump* and *Guy A. Miller,* for plaintiff.

*McHenry & DeFord* and *Morton Weldy,* for defendants.

PRESTON, J.—The facts are not disputed. It appears from the record that a decree of divorce was entered in the case of Clara Blachly v. Charles Blachly in June, 1913, granting to the said Charles Blachly a divorce and giving the custody of the minor child, Frances, aged five years, to the mother, and allowing the mother a sum of money for the support of the child. Soon after the decree was rendered, the mother moved to the state of Kansas and has remained there ever since and has kept with her the child. The defendant resides in Iowa and did at the time the application was made, on August 6, 1914, to modify the decree. The defendant attempted to obtain jurisdiction by publishing a notice citing the said Clara Blachly to appear and defend at a date which was not the commencement of any term of court. On the day the application was filed, the judge made an entry on the bottom of the application directing that notice of hearing on said application be published four weeks in the Des Moines Daily Record, and set the hearing for September 4, 1914. The first day of the September term was September 11, 1914. The order which the court entered on the bottom of the application, or petition to modify decree, was not entered of record. The notice was published in accordance with the order.

1. DIVORCE: custody of children: modification of decree: service by publication: jurisdiction.

The plaintiff appeared by counsel specially and objected to the jurisdiction of the court on the grounds: first, that the court had no jurisdiction of plaintiff or the child because they were at that time domiciled in the state of Kansas; second, that the original notice of the hearing of this petition, filed August 6, 1914, was insufficient and did not comply with Sec. 3514 of the Code, and did not cite the plaintiff to appear on the first day of any term of court; third, that the original notice did not contain all the requirements of the statutes with reference to notices and is, therefore, void and of no effect; fourth, that the original notice gives the court no jurisdiction of the parties for the reason that it was not

published as required by law; and fifth, that the court has no jurisdiction of the plaintiff or the child or the subject matter of this application.

Sec. 3180 of the Code provides that when a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient. It is conceded by counsel for both parties, as, of course, it must be, that this section makes no provision for giving notice. But notice must be given. *Hamman v. Van Wagenen*, 94 Iowa 399.

It is true that in that case the modification of the decree was made by a judge in vacation, and without notice. But it cannot be seriously contended that a decree of divorce could be modified upon the application of one party and alimony increased or decreased, or the custody of children changed, without notice to the other party. Counsel for defendants say that the removal from the state by one or both parties to a divorce decree does not extinguish the jurisdiction of the court entering said decree to subsequently modify the same, citing, *Andrews v. Andrews*, 15 Iowa 423. And that jurisdiction to modify a decree of divorce with respect to the custody of children inheres in the court granting said decree, and, for the purpose of considering the question of such modification, the parties are considered in law to be in court at all times, and that only a reasonable notice to the parties to be affected is required (citing cases).

These propositions are not disputed by plaintiff. Conceding their correctness, for the purposes of this case, still notice must be given. Sec. 3534, Code Supplement, 1913, provides that service may be made by publication, when an affidavit is filed that personal service cannot be made on the defendant within this state in either of the following cases. Then follow ten subdivisions, stating the cases wherein notice by publication may be given. This section has reference to the

commencement of an original action, but there is no other provision of the statute for notice by publication applicable to a case like the present. It is probably correct to say, though we are not now called upon to determine, that such application as was here made is not, strictly speaking, the commencement of a new action; that had personal notice been given to plaintiff of the hearing to modify the decree the method pursued would have been sufficient, and that reasonable notice would be all that is required. But notice by publication is wholly statutory. The legislature could, doubtless, authorize notice such as was given in this case, but it has not done so, and the court may not do so without statutory authority. In some probate matters, and perhaps others, the court may prescribe notice because in such cases it is authorized by statute. The court may not so proceed in a case like the present unless it is under the general statute for publication of notice and a compliance with such statute. Though Sec. 3534 does not expressly authorize notice by publication in cases for modification of a decree of divorce, yet paragraph eight thereof does authorize such notice in divorce cases. The present proceeding is to modify a divorce decree, the jurisdiction of which, under the statute, has not been lost, so that, had defendants proceeded under and complied with the general statute in regard to publication, the court would doubtless have had jurisdiction. As it is, there is no authority for notice by publication other than the general statute.

In *Bisby v. Mould, Judge,* 138 Iowa 15, decided before the later amendments to Sec. 3534 of the Code, as it now appears in Code Supplement, 1913, notice was given by publication in an action for annulment of marriage, and it was held that, as the statute did not then provide for notice by publication in such a case, there was no authority for the publication of notice, and no jurisdiction under such publication. The court said, referring to the statute on annulling marriages:

"The initial section of the chapter provides that the district court of the county where either party resides shall have jurisdiction in all actions authorized thereby; but there is nothing in the chapter having reference to the subject of how jurisdiction of the person of the defendant shall be acquired. Going to the general chapter on the subject of the manner of commencing actions, it is provided in Sec. 3514 that 'an action shall be commenced by serving the defendant with notice'; that is, by notice personally served on the defendant. To this rule there are some exceptions. Among others, it is provided in Sec. 3534 that: 'Service may be made by publication when an affidavit is filed that personal service cannot be made on the defendant in this state, in either of the following cases: . . . (8) Where the action is for a divorce, if the defendant is a non-resident of the state, or his residence is unknown.' . . . The rule is for personal service. Constructive service is allowable only where expressly authorized by statute. The statute authorizes constructive service only in actions for divorce, and, as the statute does not, so we are not authorized to extend the provisions of Sec. 3534 to an action to annul."

"Statutes everywhere exist authorizing constructive service of process by publication in certain cases where personal service cannot be had. These statutes are in derogation of the common law and hence are to be strictly construed and literally observed." 32 Cyc. 467. *Priestman v. Priestman,* 103 Iowa 320, 323.

The same rule applies to personal notice outside the state. In 32 Cyc. at 489, it is said that:

"Personal service outside the state is frequently provided for by statute as a substitute for and an equivalent to service by publication. . . . The procedure is wholly statutory, and the provisions of the statute must be observed as carefully as in case of service by publication."

Under a statute directing that an order be made requiring an absent defendant to appear, and, if it cannot be served, that notice be given by publication, the court, in *Jennings v. Johnson*, 148 Fed. 337, at 339, said:

"No principle is more vital to the adminstration of justice than that no man should be deprived of his property without notice and an opportunity to make his defense. When he is within the territorial jurisdiction of the court, notice is uniformly given by the issuance and service of process calling on him to defend. In the absence of express statutory authority, there is no power in a court to order actual personal service of process upon a defendant beyond its territorial jurisdiction. We know of no federal statute which authorizes the circuit court to direct the issuance and service of process on a defendant who is not within the territorial jurisdiction of the court. The statute which we have quoted—and it is that alone which confers jurisdiction on the circuit court in a case like this—directs that an order be made requiring the absent defendant to appear, plead, answer, or demur to the plaintiff's declaration, petition or bill . . . within a designated time. It contains only the direction 'that service of process be made on the defendant by the marshal for the northern district of the state of California, and, in default thereof, that service be had by publication.' "

We are of opinion that, there being no statutory authority for publication in the manner attempted in this case, there was not jurisdiction to hear the application to modify the decree. The ruling of the trial court on plaintiff's objections to the jurisdiction was erroneous. The writ is sustained, and the ruling of the trial court is annulled and reversed, with directions to the district court to sustain the objections.— *Reversed* and *annulled*.

DEEMER, C. J., EVANS, WEAVER, JJ., concur.