ETHEL MAY FRANKLIN, Petitioner, v. W. G. BONNER, Judge, et al., Defendants.

**DIVORCE:** Decree—Subsequent Modification—Retention of Jurisdiction. The statutory provision (Sec. 10481, Code of 1924) that the court in divorce proceedings may make changes in *prior* orders "relative to the children, property, parties, and the maintenance of the parties" *ipso facto* works a retention in the court of jurisdiction of both (1) the subject-matter of the orders and (2) the parties, even though the decree is silent as to such retention of jurisdiction. (See Book of Anno., Vol. 1, Sec. 10481, Anno. 87.)

**CONSTITUTIONAL LAW:** Due Process—Absence of Statutory Provision for Notice—Power of Court to Prescribe. When due process necessitates notice to a party *and the statute makes no provision for such notice,* the court may validly prescribe a notice which is reasonably calculated to give the interested party knowledge of the proceeding and opportunity to be heard. (See Book of Anno., Vol. 1, Const., Art. I, Sec. 9, Anno. 76; Sec. 12620, Anno. 1.)

**DIVORCE:** Decree—Subsequent Changes—Jurisdiction—How Asserted. The retained jurisdiction of the court in divorce proceedings to make subsequent changes (Sec. 10481, Code of 1924) in former orders "relative to the children, property, parties, and maintenance" may be reasserted by the court at any time on such notice as the *court* may order, provided that it is reasonably calculated to give the interested party knowledge of the proceeding and an opportunity to be heard.

Headnote 1:  19 C. J. pp. 270, 272, 349, 350, 358, 359.  Headnote 2: 12 C. J. p. 1232.  Headnote 3:  19 C. J. pp. 323, 324 (Anno.), 352, 359.

*Certiorari to Polk District Court.*—W. G. BONNER, Judge.

MARCH 9, 1926.

ORIGINAL proceeding in certiorari, to test the validity of an order made by respondent as to notice of hearing on a motion to modify a decree of divorce in certain particulars within the purview of Section 10481, Code of 1924. The material facts are stated in the opinion.—*Writ discharged.*

*Chester J. Eller,* for petitioner.

No appearance for defendants.

DE GRAFF, C. J.—This is an original proceeding in certiorari, to test the jurisdiction of the respondent court to modify a decree of divorce with respect to the custody of children and the payment of alimony, as provided in said decree. The record before us discloses that, on October 29, 1921, a decree of divorce was entered in the district court of Iowa in and for Polk County, wherein the plaintiff Ethel May Franklin (petitioner herein) was granted an absolute divorce from the defendant John Franklin, Jr., and by the terms of said decree plaintiff was given the custody of the minor children, and judgment for alimony against the defendant was awarded for the support and maintenance of said children in the sum of $80 per month, due and payable each month from and after the date of said decree, and until the youngest of the four children, then two years of age, attained the age of eighteen years, and subject to the further provision that said monthly alimony should be reduced by $15 per month as each of said children attained the age of eighteen years.

On the 24th day of October, 1925, a motion was filed in said cause by the defendant therein, to modify the said decree of divorce with respect to the matters heretofore mentioned.

<div style="margin-left:0">

1. DIVORCE: decree: subsequent modification: retention of jurisdiction.

</div>

With the statements and allegations as contained in said motion, we are not concerned.

Upon the filing of said motion, an order was entered, fixing the time of hearing October 31, 1925, at 10 o'clock in the forenoon of said day, and providing that five days' notice of such hearing be given the plaintiff. In response thereto, the plaintiff, for the sole and exclusive purpose of questioning the jurisdiction of the court to hear and determine the matter in said manner, entered her special appearance, and therein and thereby challenged the jurisdiction of the said court "to modify a decree after one year from the date of entry thereof, unless a petition is filed at a regular term of court and notice served for said term of court, as provided with respect to the commencement of any action." The court overruled the matter raised by the special appearance, and ordered the cause to proceed on said motion. This ruling is the provocation for the suing out of the instant writ of certiorari.

Courts constitute the agency by which judicial authority is made operative. The element of sovereignty known as judicial is vested, under our system of government, in an independent department, and the power of a court and the various subjects over which each court shall have jurisdiction are prescribed by law. We are dealing here with a question of jurisdiction, which may be defined as the power conferred upon a court to take cognizance of and to decide cases in law, equity, or special proceedings, and to carry its judgments and decrees into execution.

In brief, jurisdiction is the lawful exercise of judicial authority, and involves two elements: (1) the subject-matter of the action or proceeding, and (2) the parties thereto. Jurisdiction of the subject-matter is given to a court solely by the law. Consent cannot confer the right. Jurisdiction over the person is acquired by the service of process upon the defendant, as defined by law, or by his voluntary submission to the jurisdiction of the court. The object of process is to give a person notice that an action or proceeding has been commenced against him, and to afford him opportunity to contest the claim of the adverse party.

With these elementary propositions in mind, we turn to

the challenge made by the petitioner to the jurisdiction of the court in the instant matter. It is obvious that *a* legal and timely notice is required. *Hamman v. Van Wagenen,* 94 Iowa 399. It is also obvious that the jurisdiction of the respondent is found in the provisions of Section 10481, Code of 1924. This section reads:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient."

The salient words in the last sentence are "*in these respects.*"

It is generally held that a court of chancery may expressly reserve control of a case of which it has jurisdiction, and keep it open for further relief or proceeding before final decree is entered. *Lindquist v. Lindquist,* 148 Iowa 259. But independently of this principle of equity jurisprudence, the quoted statute gives the court power, in certain particulars, to modify the original decree of divorce at a subsequent term of court. There can be no question that a decree rendered in a divorce case is a finality as to all matters which were at issue or which it was the duty of either party to present before the case went to final decree. *Kwentsky v. Sirovy,* 142 Iowa 385.

The statute, however, contemplates that subsequent changes may be warranted, and the authority is expressly conferred on the court to make subsequent changes, under proper conditions and upon a proper showing therefor. If this is not done, the decree, as originally entered, must be viewed as an adjudication. *Jennings v. Jennings,* 56 Iowa 288.

The petitioner subscribes to these propositions, but contends that the jurisdiction of the district court to modify a decree of divorce in the absence of any reservation in the decree must be exercised in the manner pursuant to the general 2. CONSTITUTIONAL LAW: due process: absence of statutory provision for notice: power of court to prescribe. statute relating to the modification of decrees, and that the court is powerless to prescribe a notice, in the absence of express statutory authority. It may be observed that the statute is silent on the question of notice to the adverse party when a

modification of a decree of divorce is sought in any of the particulars within the purview of the statute. Section 10481, Code of 1924. Clearly, this statute reserves in the court the jurisdiction of the subject-matter defined therein. Does it reserve the jurisdiction of the parties? We answer in the affirmative. An application to modify the terms of a decree of divorce is not an independent proceeding. It is not the commencement of an action. It is simply a proceeding supplementary or auxiliary to an action in which certain matters theretofore determined are, by the very terms of the statute, subject to modification. *Wilde v. Wilde*, 36 Iowa 319.

True, if a wife seeks alimony in a divorce action, and none is awarded, the effect is the same as though the decree expressly denied it. Under such circumstances, it is an adjudication binding upon the parties. *Spain v. Spain*, 177 Iowa 249.

In the *Spain* case, there was no reservation in the decree; and under its terms there was nothing to modify by a subsequent application with respect to an award of alimony to the wife. It was recognized, nevertheless, that the husband's duty to support his child was a continuing duty, and that in this respect the application for the allowance to support the child was proper. The jurisdiction to award same existed by virtue of the quoted statute.

In *Delbridge v. Sears*, 179 Iowa 526, it is recognized that a decree of divorce providing for a stated alimony is conclusive as to conditions existing at the date of the decree, but that a court, upon a showing of changed circumstances, has power to modify, within its reserved jurisdiction under the statute. This is not the granting of a new trial, or a retrial of the original case. It is said:

"A court of equity, having obtained jurisdiction originally, retains jurisdiction for the purpose of subsequent changes or modifications to meet new and changed conditions, but not otherwise."

This rule finds its basis in sound public policy. *Schlarb v. Schlarb*, 168 Iowa 364.

Under the quoted statute, full jurisdiction having been reserved in the trial court, the only requisite necessary to reassert control to act in the premises is the service of such notice as

may be said to be timely, reasonable, and within the purview of the statute governing process. This might be done in the manner prescribed by statute for the commencement of an original action, and it may be conceded that this would be a rule of better practice. However, it is not an essential requirement.

**3. DIVORCE: decree: subsequent changes: jurisdiction: how asserted.**

In *Blachly v. Blachly,* 169 Iowa 489, an application was filed by defendant in the original divorce cause to modify a decree as to the custody of a child. The plaintiff and the child at that time were nonresidents of Iowa, and the notice of the application, as ordered by the trial court, was by publication. This was held insufficient, for the reason that, although there was a publication, as ordered by the court, no authority for notice by publication existed, other than that prescribed by the general statute. Whether a notice given by publication in strict conformity to statute, under such circumstances, would be sufficient, we do not now determine. In opinion it is said, *obiter dictum*:

"* * * that, had personal notice been given to plaintiff of the hearing to modify the decree, the method pursued would have been sufficient, and that reasonable notice would be all that is required."

The adverse party and the subject-matter, under the circumstances of the case at bar, must be viewed as within the jurisdiction of the court, under the terms of the statute in question, and due process seems to require only that the method of service prescribed shall be one reasonably calculated to give the defendant knowledge of the proceeding and an opportunity to be heard. This is the fundamental limitation. This was recognized and respected. Wherefore, the writ is—*Discharged.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.