LEO DROSTE, Appellee, v. EDNA DROSTE, Appellant.

No. 45762.

DECEMBER 9, 1941.

REHEARING DENIED MARCH 13, 1942.

R. Eldon Laird, for appellant.

Oliver J. Reeve, for appellee.

MILLER, C. J.—On May 12, 1938, the plaintiff herein secured a decree of divorce from the defendant. At that time, the parties entered into a stipulation which provided that, should a decree be entered, "the Court shall retain jurisdiction of the

case insofar as the custody and control of the children and the amount that is to be paid for their support and maintenance is concerned, so as to meet changed circumstances and conditions relative to the parties and the said children.'' The decree of divorce granted custody of the four children to the defendant, ordered plaintiff to pay $3.00 per week for the care and support of each child until each should attain the age of 18 years and further provided that: ''The Court hereby reserves jurisdiction of the parties hereto in so far as the custody and control of the children and the payments to be made and their support and maintenance are concerned.''

On February 19, 1941, defendant filed an application for examination of plaintiff in reference to certain alleged defaults in the payment of support money. On February 28, 1941, plaintiff filed an application for modification of the decree and asked the court to fix a time for hearing and to prescribe the notice to be given. On the same day, the court fixed the time of hearing as ten o'clock a. m., March 19, 1941, and ordered, ''that notice of said hearing be given to the defendant Edna Droste by mailing a copy of said notice addressed to Edna Droste at Tripoli, Iowa, postage prepaid to be deposited in the United States Post Office at Waverly, Iowa, and by mailing a copy of said notice by United States registered mail addressed to Edna Droste at 2700 Eshcol Avenue, Zion, Illinois, postage prepaid to be deposited in the United States Post Office at Waverly, Iowa, and by mailing a copy of said notice addressed to R. Eldon Laird, Edna Droste's attorney of record, at Waverly, Iowa, postage prepaid to be deposited in the United States Post Office at Waverly, Iowa. All of said notices to be deposited and mailed as aforesaid at least 10 days before the time herein fixed for said hearing, proof of service of notice as herein ordered to be made by affidavit and filed herein.''

The provisions of the order last above quoted were strictly complied with. In response to the notices so mailed, defendant filed special appearance and motion to quash the purported service, asserting that the court had no jurisdiction of the person of the defendant for the following reasons:

''a. That the Defendant is now and has been ever since prior to February 1, 1941, residing in the State of Illinois, and

that no notice of the filing of said Application or the time and place fixed for hearing thereof was given Defendant in person or by publication as by law provided.

"b. That the Defendant had no knowledge or notice of the filing of said Application for Modification of Divorce Decree, or the time and place fixed for hearing thereon, sufficient to give the Defendant an opportunity to be present at said hearing, to be heard and to make defense and resistance thereto."

The special appearance was overruled. Defendant appeals, contending that the court could not obtain jurisdiction of her person except through service of a notice either by publication pursuant to subsection 8 of section 11081 of the Code, 1939, or by actual personal service outside the state pursuant to section 11086 of the Code, 1939, and that, since the notice given did not comply with either section, it failed to give the court jurisdiction of defendant.

Both parties cite and rely upon our decision in the case of Franklin v. Bonner, 201 Iowa 516, 207 N. W. 778. In that case proceedings were had to secure modification of a decree of divorce. The court set the hearing and ordered that the plaintiff be given five days notice thereof. Such notice was given and the jurisdiction of the court was challenged by proceedings in certiorari. The contention of the petitioner in that case was similar to that of the appellant herein and is stated by this court (201 Iowa 519, 207 N. W. 780) as follows:

"The petitioner * * * contends that the jurisdiction of the district court to modify a decree of divorce in the absence of any reservation in the decree must be exercised in the manner pursuant to the general statute relating to the modification of decrees, and that the court is powerless to prescribe a notice, in the absence of express statutory authority."

In holding that this contention was without merit, we state as follows:

"It may be observed that the statute is silent on the question of notice to the adverse party when a modification of a decree of divorce is sought in any of the particulars within the purview of the statute. Section 10481, Code of 1924. Clearly,

this statute reserves in the court the jurisdiction of the subject-matter defined therein. Does it reserve the jurisdiction of the parties? We answer in the affirmative. An application to modify the terms of a decree of divorce is not an independent proceeding. It is not the commencement of an action. It is simply a proceeding supplementary or auxiliary to an action in which certain matters theretofore determined are, by the very terms of the statute, subject to modification. Wilde v. Wilde, 36 Iowa 319.''

At the conclusion of the opinion, we state:

''The adverse party and the subject-matter, under the circumstances of the case at bar, must be viewed as within the jurisdiction of the court, under the terms of the statute in question, and due process seems to require only that the method of service prescribed shall be one reasonably calculated to give the defendant knowledge of the proceeding and an opportunity to be heard. This is the fundamental limitation. This was recognized and respected.''

The foregoing language would seem to be conclusive herein. However, appellant contends that, following the decision of this court above quoted, there was enacted chapter 224 of the Acts of the 44th General Assembly, which provides, ''That subdivision eight (8) of section eleven thousand eighty-one (11081) of the code, 1927, be amended by inserting after the word 'divorce' at the end of line one (1) thereof, the following: ', or for a change or for modification of a decree of divorce'.'' Appellant contends that, by such statutory provision, the legislature now permits service by publication to be had in the event that proceedings are commenced to modify a decree of divorce as against a nonresident and, therefore, since a method is prescribed, it must be followed.

It will be noted that section 11081 of the Code, as now amended, merely permits service of notice by publication in proceedings for modification of a decree of divorce as against a nonresident. It does not require such a notice. It is also significant to note that in the case of Franklin v. Bonner, supra, we were construing section 10481 of the Code, 1924. This statute

has not been modified in any way since the rendering of that decision. Accordingly, we are of the opinion and hold that the rule announced in Franklin v. Bonner, supra, should be applied herein. Such was the holding of the court below. Its decision was right.

The parties herein stipulated that the court was to retain jurisdiction relative to custody and support of the children. In the decree, jurisdiction was retained over the parties and that part of the subject matter. When the hearing on the application to modify the decree was set, the requirements of due process were met if the notice of the hearing was one "reasonably calculated to give the defendant knowledge of the proceeding and an opportunity to be heard." Such requirement was met herein.

The motion to strike amendment to abstract, submitted with the case, is overruled.

The order appealed from is affirmed.—Affirmed.

BLISS, HALE, OLIVER, STIGER, MITCHELL, WENNERSTRUM, and GARFIELD, JJ., concur.

SAGER, J., takes no part.