Norma Van Gundy, appellant, v. Donovan E. Van Gundy, appellee.

## No. 48171.

(Reported in 56 N.W.2d 43)

DECEMBER 16, 1952.

REHEARING DENIED FEBRUARY 13, 1953.

Herbert Rosenberg and Raymond Rosenberg, both of Des Moines, for appellant.

Harold H. Newcomb, of Des Moines, for appellee.

GARFIELD, J.—The question for decision is whether published notice of a petition to modify a divorce decree as to child custody and support, pursuant to rule 60(i), Rules of Civil Procedure, was sufficient compliance with due process requirements to confer jurisdiction upon the court to grant the modification.

On April 7, 1947, plaintiff, Norma May Van Gundy, was granted a divorce from defendant, Donovan Van Gundy, by the district court of Polk County. The decree awarded her custody of the child, Norma Jean, and judgment against defendant for $7.50 per week child support. Defendant was given the right to visit the child at reasonable times and places.

On October 18, 1947, the decree was modified on defendant's petition to permit him to take the child from plaintiff's custody from 1 to 4 p.m. on alternate Saturdays or Sundays. No question is raised as to this modification.

On December 16, 1947, defendant's attorney filed an affidavit stating he had made diligent search within this state for the purpose of making service upon plaintiff, such search revealed she had left the state, her whereabouts were unknown and personal service could not be had upon her in this state. On the following day defendant filed a petition to modify the di-

vorce decree by awarding him custody of the child and relieving him from further payments of child support. On January 8, 1948, proof of publication of original notice of the petition to modify was filed showing three consecutive publications in the Des Moines Daily Record, a newspaper of general circulation published in Polk County.

On January 24, 1948, the district court of Polk County ordered the divorce decree modified by awarding defendant custody of the child and relieving him from further payments of child support to plaintiff. No appearance was entered for plaintiff.

On October 9, 1951, plaintiff filed a motion to set aside as void the order of January 24, 1948, on the ground the published notice did not confer jurisdiction on the court to make the order which, together with rule 60 (i) authorizing service by publication, were said to be in violation of due process provisions of the State and Federal Constitutions. (Section 9, Article I, Constitution of Iowa; section 1, 14th Amendment to United States Constitution.) After hearing testimony in behalf of plaintiff the trial court held the order was not void and overruled plaintiff's motion. Plaintiff has appealed. ·

At the hearing on plaintiff's motion attempt was made to show defendant knew plaintiff's whereabouts when he sought the modification claimed to be void. Plaintiff's mother testified plaintiff and the child lived with plaintiff's parents in Des Moines until the last of October 1947, when plaintiff and the child left the state after the witness consulted an assistant county attorney and someone from the FBI regarding legality of such a move—"After my daughter's departure from the state Donovan [defendant] came for the child. I overheard him talking to my husband. * * * Mr. Wolf [the husband] told him they weren't there, they were taking a little vacation and would be back. He stormed out and didn't wait for anything more and he didn't ask. I never heard Donovan ask my husband where my daughter or granddaughter was. We continued to reside in Des Moines until February, 1948. * * * From February, 1948, till January, 1951, Mr. Wolf and I resided at Spokane, Washington. We never received any word from anyone with regard to this modification."

Mrs. Wolf also testified that after they returned to Des Moines from Spokane defendant told her in June 1951, "we wasn't fooling him, he knew where she was at all the time."

Mr. Wolf said "I was present when Donovan came after his daughter the last Sunday in October after Norma May and Norma Jean had departed from the state. He asked where the child was. I told him they weren't here. They were on vacation. He never asked where they had gone."

Mrs. Wolf's sister (plaintiff's aunt) testified she overheard defendant tell Mrs. Wolf in June 1951 he knew all the time where Norma May was.

The above is substantially all the testimony bearing on defendant's claimed knowledge of plaintiff's whereabouts. Defendant offered no evidence. Plaintiff did not testify nor appear in person. Nor did anyone say where she resided at any time after she left Des Moines in October 1947. Her verification in October 1951 on the motion to set aside the order of modification was made in Buchanan County, Missouri, in which St. Joseph is located. The trial court apparently found defendant and his counsel did not know plaintiff's whereabouts when the modification now assailed was sought.

Rule 60 provides: "After filing an affidavit that personal service cannot be had on an adverse party in Iowa, the original notice may be served by publication, in any action brought: * * * (i) For divorce * * * or to modify a decree in such action * * * against a defendant who is a nonresident of Iowa or whose residence is unknown * * *." Rule 62 prescribes the manner of publication and 63 provides for filing proof thereof. No lack of compliance with these rules is claimed.

Plaintiff strongly relies upon Mullane v. Central Hanover Bank & Tr. Co., 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865, where a New York statute providing for notice by publication to beneficiaries of a common trust fund of a trust company's petition for settlement of its accounts is held to violate due process as to beneficiaries whose whereabouts are known but not as to beneficiaries whose addresses are unknown to the trustee.

If plaintiff's whereabouts were unknown to defendant at the time of the modification now assailed the Mullane case is definite

authority against plaintiff rather than for her. This clearly appears from the following language of the opinion (pages 317, 318, 339 U. S., pages 658, 659, 70 S. Ct., page 875, 94 L. Ed.):

"This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights. [Citations.]

"Those beneficiaries represented by appellant whose interests or whereabouts could not with due diligence be ascertained come clearly within this category. As to them the statutory notice is sufficient. However great the odds that publication will never reach the eyes of such unknown parties, it is not in the typical case much more likely to fail than any of the choices open to legislators endeavoring to prescribe the best notice practicable. * * *

"Accordingly we overrule appellant's constitutional objections to published notice insofar as they are urged on behalf of any beneficiaries whose interests or addresses are unknown to the trustee."

If we give the trial court's findings the weight to which they are entitled we do not feel justified in holding defendant knew plaintiff's whereabouts at the time of the modification of the divorce decree. The court's ruling recites that in addition to the affidavit of defendant's attorney previously referred to consideration was given the petition for modification wherein defendant swears he made diligent search to endeavor to locate plaintiff and the child, was unable to locate them and their whereabouts were unknown.

Plaintiff with her parents' aid seems to have deliberately concealed herself and the child from defendant to prevent his seeing the child as the modified decree permitted him to do. When in October 1947 defendant asked plaintiff's father where the child was the father apparently had no thought of divulging

plaintiff's whereabouts except to say they (meaning plaintiff and the child) "weren't here. They were on vacation." That defendant may have boasted, some three years and eight months later, he knew where plaintiff was all the time is insufficient proof of the falsity of the affidavit of his attorney and his own verified petition upon this point.

It is worthy of some consideration that section 598.14, Code, 1946, 1950, reserves in the district court jurisdiction of the subject matter and the parties for the purpose of changing a divorce decree in the respects here in controversy. The petition for modification is not an independent proceeding but is supplementary to the divorce suit. Franklin v. Bonner, 201 Iowa 516, 519, 207 N.W. 778, 780; Droste v. Droste, 231 Iowa 216, 219, 1 N.W.2d 107, 109. See also Blachly v. Blachly, 169 Iowa 489, 492, 151 N.W. 447; Andrews v. Andrews, 15 Iowa 423; Gmelin v. Gmelin, 324 Mich. 590, 37 N.W.2d 561, 563.

We do not mean that no notice of the petition for modification was necessary. Rule 60(i), which permits notice by publication under the circumstances here, in effect requires at least that kind of notice. But in the absence of such requirement some form of notice to the adverse party would be necessary. Blachly v. Blachly, supra, 169 Iowa 489, 491, 151 N.W. 447; Scott v. Scott, 174 Iowa 740, 745, 156 N.W. 834; Franklin v. Bonner, supra, 201 Iowa 516, 519, 207 N.W. 778, 780; Huger v. Huger, 313 Mich. 158, 20 N.W.2d 848; State ex rel. Davis v. Achor, 225 Ind. 319, 75 N.E.2d 154, 157; annotation 76 A. L. R. 242, 253; 27 C. J. S., Divorce, section 317c(2), page 1193; 17 Am. Jur., Divorce and Separation, section 685.

It is true, as plaintiff argues, the rule is that notice, to comply with due process, must be reasonably calculated to give the adverse party knowledge of the proceeding and opportunity to be heard. Franklin v. Bonner, supra, 201 Iowa 516, 519, 207 N.W. 778, 780; Droste v. Droste, supra, 231 Iowa 216, 219, 220, 1 N.W.2d 107, 109; Mullane case, supra, 339 U. S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865, 873; Hill v. Persons Claiming Any Interest, etc., 329 Mich. 683, 46 N.W.2d 584, 591; Restatement, Judgments, section 6. See also Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1198, 24 N.W.2d 751, 756.

But as to one whose whereabouts are unknown the require-ment of due process is met by published notice pursuant to stat-ute. The Mullane decision makes it clear that such a notice is about as effective as the situation permits. Some language in the opinion refers to the propriety of published notice to persons whose whereabouts are unknown as an exception "in the name of necessity" to "the rule that within the limits of practicability notice must be such as is reasonably calculated to reach inter-ested parties." (Page 318 of 339 U. S., page 659 of 70 S. Ct., page 875 of 94 L. Ed.)

Blachly v. Blachly, supra, 169 Iowa 489, 492, 151 N.W. 447, 448, recognizes the propriety of published notice of an application to modify a divorce decree as to child custody under the circumstances existing here. Mrs. Blachly and the child had moved to Kansas after the Iowa divorce had been granted. The divorced husband attempted to obtain jurisdiction of his application to modify the decree by publishing notice, as ordered by the court, in the Des Moines Daily Record, returnable at a date which was not the commencement of a court term. We held such notice insufficient to confer jurisdiction because it was not authorized by statute, but said:

"The legislature could, doubtless, authorize notice such as was given in this case, but it has not done so, and the court may not do so without statutory authority. * * * The present pro-ceeding is to modify a divorce decree, the jurisdiction of which, under the statute, has not been lost, so that, had defendants proceeded under and complied with the general statute in regard to publication, the court would doubtless have had jurisdiction. As it is, there is no authority for notice by publication other than the general statute."

Nothing in the Mullane decision, supra, upon which plain-tiff relies conflicts with the language just quoted where, as here, the whereabouts of the adverse party are unknown.

Statutory authorization for published notice of a petition for modification of a divorce decree which was wanting in Blach-ly v. Blachly, supra, was supplied in 1931 by chapter 224, Acts of the Forty-fourth General Assembly, amending section 11081, Code, 1927, and continued in rule 60(i) which supersedes said

section. We have said several times these rules have the force and effect of statute. Hubbard v. Marsh, 239 Iowa 472, 474, 32 N.W.2d 67, 68, and citations; Glatstein v. Grund, 243 Iowa 541, 560, 51 N.W.2d 162, 174; 1 Cook Iowa Rules Civil Procedure, Rev. Ed., page 3.

An excellent note in 36 Iowa Law Review 47, 58, by Marvin C. Hayward on the effect of the Mullane decision upon publication of notice in Iowa states: "In a case where the names or addresses of the nonresident defendants are in fact unknown and notice is given by publication there is no denial of due process." And a note in 37 Iowa Law Review 74, 77, says: "As to those whose identities are unknown or whose place of residence has not been established, after due diligence in search, the Mullane case specifies that the reasonableness test is fully met by publication alone."

See also in support of our decision Krueger v. Krueger, Mo. App., 107 S.W.2d 967, 972, which is somewhat in point on the facts and upon the issues raised by the wife's motion to set aside the order of modification. The opinion suggests that any lack of jurisdiction here to make the order of January 24, 1948, was supplied by plaintiff's attempt to set aside the order and have the child's custody restored to her along with other relief.

The effect of rule 60.1, adopted in 1951, upon rule 60 need not be considered since it has no application to this controversy. We understand, however, plaintiff concedes rule 60 with the addition of 60.1 is not vulnerable to the objections she has urged to rule 60.

It is not contended the divorce decree was modified on January 24, 1948, without hearing evidence. Both the order then made and that from which this appeal was taken recite evidence was then heard.

██ Although plaintiff's motion to set aside the order of modification asserts as one ground the fact that she and the child were then, and have since been, residing outside the state, it is not now argued the modification is void because of this fact. We may observe, however, that such absence from the state did not deprive the court of jurisdiction to make the order of modi-

fication. See Blachly v. Blachly, supra, 169 Iowa 489, 491, 151 N.W. 447; Andrews v. Andrews, supra, 15 Iowa 423; annotations 70 A. L. R. 526, 171 A. L. R. 1405, 9 A. L. R.2d 434, 453; 17 Am. Jur., Divorce and Separation, section 686; 27 C. J. S., Divorce, section 317a, page 1187.

We hold the order of January 24, 1948, was not, under the circumstances here, void on the ground urged by plaintiff that published notice did not comply with due process.—Affirmed.

All JUSTICES concur.