72 So.2d 280 (1954)
MOORE et al.
v.
LEE et al.
Supreme Court of Florida. Special Division B.
February 19, 1954.
On Rehearing April 27, 1954.
*281 Horrell & Bourland, James G. Horrell and C.M. Bourland, Orlando, for appellants.
Z.D. Giles, Leesburg, for appellees.
On Rehearing en Banc April 27, 1954.
DREW, Justice.
November 21, 1951 the Circuit Court of Lake County, Florida, entered a final decree in a suit brought by appellants, Irvin O. Moore and Pauline Moore, hereafter referred to as plaintiffs, to regain possession of their infant child then, and sometime prior thereto, in the possession of appellees, William and Juanita Lee, hereafter referred to as defendants. Pauline Moore was the sister of Juanita Lee. The decree denied plaintiffs their relief sought and instead awarded custody of their child to defendants, enjoined plaintiffs from interfering in any manner with such custody, and retained jurisdiction of the cause to make further orders for the welfare of the child.
The record here discloses that defendants in the foregoing litigation were represented by an attorney who appeared designated therein as Z.D. Giles, First National Bank Building, Leesburg, Florida. The then attorney for plaintiffs filed notice of his resignation on December 10, 1951.
On July 30, 1952, the plaintiffs in the original action, by new attorneys, filed in the same cause what they designated as an "amended petition for modification of the final decree." This petition alleged that plaintiffs were fit and proper persons to have custody of their child and further in great detail alleged as false the greater part of the testimony of defendants and their witnesses given in the original action. Thereafter depositions were taken by plaintiffs, and, on December 15, 1952, at plaintiffs' request, a decree pro confesso was entered by the Clerk of the Court against the defendants "for failure to appear, or to file answer or other defense to the bill of complaint within the time prescribed by law." (Emphasis supplied.)
On January 7, 1953, the Circuit Court entered an order that "the petition for modification of the final decree in this cause *282 * * * is denied." On March 4, 1953, notice of appeal was filed to review that order.
The defendants neither participated affirmatively in this appeal nor took any action whatever in the lower court with reference to proceedings subsequent to the final decree of November 21, 1951, although the record indicates that the original issues were vigorously controverted by defendants. Because of the complete silence of defendants in all proceedings subsequent to the aforesaid final decree, and the effect any decision of this Court will have upon the status of a minor child, we have gone at length into the matter of whether there has ever been any proper notice to the defendants. We find that more than eight months after final decree and long after the time for appeal therefrom expired, the amended petition to modify that decree was filed in the same cause. No notice of the filing thereof or of any step in the proceedings thereafter, was served upon the defendants by mail or otherwise. The only thing of record with reference to notice of the filing of the petition to modify is a notation on the margin thereof over the signature of plaintiffs' attorneys, reading as follows: "This is to certify that a copy hereof has been delivered by mail to Hon. Zerah Giles, attorney at law, Leesburg, Florida, this ____ day of July; A.D. 1952."
In procedings to modify a final decree of the sort here under consideration the defendant is not entitled to actual service of process. Droste v. Droste, 231 Iowa 216, 1 N.W.2d 107, but he is unquestionably entitled to an adequate and proper notice of the new proceedings. Compare Blachly v. Blachly, 169 Iowa 489, 151 N.W. 447, with Franklin v. Bonner, 201 Iowa 516, 207 N.W. 778; and see Note 1932, 76 A.L.R. 242, 253, par. II.c.
The efficacy of notice to an attorney who represented the defendant prior to final decree to bind the defendant himself in later proceedings to modify or enforce that decree has been denied in a number of jurisdictions. Ransom v. Sutherland, 46 Mich. 489, 9 N.W. 530; Wulff v. Wulff, 74 Misc. 213, 133 N.Y.S. 807, affirmed 151 App.Div. 22, 135 N.Y.S. 289; Slater v. Slater, 75 R.I. 19, 62 A.2d 897; Sandall v. Sandall, 57 Utah 150, 193 P. 1093, 15 A.L.R. 620. On the other hand, such a notice has been upheld in other jurisdictions. McSherry v. McSherry, 113 Md. 395, 77 A. 653, 140 Am. St.Rep. 428; State ex rel. Groves v. First Judicial District Court, 61 Nev. 269, 125 P.2d 723; see Reynolds v. Reynolds, 21 Cal.2d 580, 134 P.2d 251; but see Allen v. Allen, 30 Cal.2d 433, 182 P.2d 551. There is no clear weight of authority either way.
An examination of the authorities on this subject reveals that some of the cases turn upon such circumstances as the nature of the original decree and type of relief later sought, rules of practice or statutory provisions in that particular jurisdiction, length of time elapsed, and record evidence presented about the actual existence of authority. With reference to the latter point we have observed that in each of the cited cases denying the efficacy of such notice, the attorney so served did appear and assert his want of authority.
Whatever may be the status and rationale of the decisions in other jurisdictions, we hold that after a final decree has been entered and the time for an appeal therefrom has expired, no presumption exists that the attorney of record for any party in the original action has authority effectively to bind that party in any subsequent proceedings to modify that decree in the absence of his actual appearance therein. The service of notice, alone, on such attorney is not sufficient to empower the lower court to proceed in the cause.
By this we do not mean  nor do we hold  that service of new process is necessary on the adverse party to confer jurisdiction of the cause on the court because that jurisdiction was obtained in the original proceedings and reserved in the decree itself for the purpose specified. What we do mean  and hold  is that the adverse party is entitled to adequate notice and opportunity to be heard before such decree may be altered in a manner that will directly affect his person, status or property.
*283 This rule imposes no hardship on the parties  it does not hamper the court in the administration of justice and it is in accord with all of our concepts of fair play and due process. Anything less is insufficient and contrary to American traditions.
In the instant case the record is completely silent as to the existence of any authority of the attorney of record for defendants in the original action to bind the defendants in these proceedings. The determination of the sufficiency of the notice is confined to the revelations of the record itself and when the record does not satisfy the requirements of law any relief based thereon cannot stand. Feuer v. Feuer, 156 Fla. 117, 22 So.2d 641.
For the reasons herein expressed this appeal is dismissed. Nothing herein shall prejudice the rights of the natural parents to institute and prosecute appropriate proceedings for the purpose of obtaining a judicial determination of their rights to have the custody of said child because of changed circumstances or conditions subsequent to November 21, 1951. The decree of that date is res adjudicata of all matters litigated therein and of the facts relating to the question of custody prior to that time.
Appeal dismissed.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.
PER CURIAM.
A rehearing having been granted in this cause and the case having been further considered upon the record and briefs for the respective parties; it is thereupon ordered and adjudged by the Court that the opinion and judgment of this Court filed in this cause on February 19, 1954, be and it is hereby reaffirmed and adhered to.
ROBERTS, C.J., TERRELL, THOMAS, SEBRING and DREW, JJ., and PATTERSON, Associate Justice, concur.