In re the MARRIAGE OF Barbara Jean
MEYER and Steven D. Meyer.

Upon the Petition of Barbara Jean
Meyer, Appellee, And Concerning
Steven D. Meyer, Appellant.

No. 63049.

Supreme Court of Iowa.

Nov. 14, 1979.

Joseph L. Hanson, Emmetsburg, for appellant.

Stephen F. Avery and David A. Scott of Cornwall & Avery, Spencer, for appellee.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, ALLBEE, and LARSON, JJ.

LeGRAND, Presiding Justice.

This matter comes to us on a due process challenge to the jurisdiction of the court to modify a dissolution decree. From an adverse ruling on this special appearance, the respondent husband appeals. We reverse and remand with instructions.

The marriage of Barbara Jean Meyer and Steven D. Meyer was dissolved by a decree entered on December 12, 1977. On July 3, 1978, Barbara filed an application for modification relating to child support. In view of our conclusion that the court acquired no jurisdiction over Steven, we need not go into the facts and we limit our consideration to the matters which pertain to the manner in which notice of hearing on Barbara's application was given.

■ At the time the modification application was filed, Steven was a resident of Minnesota. This dispute does not concern jurisdiction of the subject matter. It is well established by our cases that an equity court retains jurisdiction over divorce proceedings to make such modifications as are

warranted by future change of circumstances. *Hobson v. Hobson*, 248 N.W.2d 137, 144 (Iowa 1976); *Van Gundy v. Van Gundy*, 244 Iowa 488, 493, 56 N.W.2d 43, 45 (1952); *Franklin v. Bonner*, 201 Iowa 516, 519, 207 N.W. 778, 779–80 (1926).

Steven, however, insists the court did not have jurisdiction over his person and thus was without authority to enter personal judgment against him. We believe this contention is good.

The trial court set the modification matter for hearing and directed that "a copy of this order for hearing be mailed to respondent [Steven D. Meyer] and/or his attorney at least twenty days prior to the date set for hearing, said mailing to be by regular mail."

■ Pursuant to this order, notice was mailed to the attorney who had represented Steven in the dissolution proceedings. No notice was given Steven himself. The question is whether this conferred jurisdiction over him for entry of a personal judgment.

■ Although subject matter jurisdiction in dissolution matters is retained, the parties are entitled to notice and an opportunity to resist before changes in the original decree are made. We quote from *Van Gundy*:

It is worthy of some consideration that section 598.14, Code 1946 . . . reserves in the district court jurisdiction of the subject matter in the parties for the purpose of changing a divorce decree [for child custody and support]. The petition for modification is not an independent proceeding but is supplementary to the divorce suit.

We do not mean that no notice of the petition for modification was necessary. Rule 60(i), which permits notice by publication under the circumstances here, in effect requires at least that kind of notice. But in the absence of such requirement some form of notice to the adversary party would be necessary.

It is true, as plaintiff argues, the rule is that notice, to comply with due process, must be reasonably calculated to give the

adverse party knowledge of the proceedings and opportunity to be heard.

But as to one whose whereabouts are unknown the requirement of due process is met by published notice pursuant to the statute. The *Mullane* decision makes it clear that such a notice is about as effective as the situation permits. Some language in the opinion refers to the propriety of published notice to persons whose whereabouts are unknown as an exception "in the name of necessity" to "the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties."

244 Iowa at 493–94, 56 N.W.2d at 45–46 (citations omitted). *See also Franklin v. Bonner*, 201 Iowa at 519, 207 N.W. at 780.

Barbara relies on rule 56.1, R.Civ.P., as did the trial court. After specifying in 56.1(a) a number of ways in which original notices may be served, the rule goes on to say in 56.1(n):

If service cannot be made by any of the methods provided by this rule [under 56.-1(a)], any defendant may be served as provided by court order, *consistent with due process of law*. [Emphasis added].

There are several reasons why this rule does not support Barbara's argument. In the first place, there is no showing service could not have been made as provided in rule 56.1(a). In the absence of such proof, rule 56.1(n) is not operative. Furthermore, even if it were, the notice ordered by the court must be "consistent with due process of law." *Kulko v. California Superior Court*, 436 U.S. 84, 91, 98 S.Ct. 1690, 56 L.Ed.2d 132, 141 (1978); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865, 873 (1950); *Buchholz v. Board of Adjustment*, 199 N.W.2d 73, 77 (Iowa 1972).

■ The circumstances in the present case do not pass that due process test. The flaw in this notice is that it was served on an attorney who had represented Steven in the dissolution matter which terminated some eight months earlier. While the court's jurisdiction continues after a divorce

**12**

decree, an attorney's representation does not. We are a mobile society, whose members regularly move from place to place. Add to this the extended interval which frequently occurs between divorce and modification, and it becomes clear this notice was not the kind calculated to afford Steven an opportunity to appear and resist. That it did so in this case is merely fortuitous and does not remove the fatal deficiency in the procedure followed. The special appearance should have been sustained.

REVERSED AND REMANDED FOR ENTRY OF ORDER ACCORDINGLY.