PER CURIAM.
After a decree of dissolution of marriage has become final, service of a notice, upon the attorney who represented the petitioner in the original divorce action, of a hearing to enforce or modify that decree is not adequate or proper where (1) it does not result in petitioner receiving notice of the proceeding, and (2) the attorney disclaims continued representation of the petitioner. See Moore v. Lee, 72 So.2d 280 (Fla.1954); Ginsberg v. Ginsberg, 122 So.2d 30 (Fla. 3d DCA 1960).
An order of contempt for nonpayment of alimony and support which lacks specific findings that the petitioner either (1) has the ability to comply with the order and willfully refuses to do so, or (2) previously had the ability to comply but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order, is fatally defective. Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976).
Reversed and remanded.