BASKIN, Judge
(specially concurring).
Niki Unlimited, Inc. [Niki] seeks what is, in essence, a judicial pardon for its failure to appear and defend against the entry of an award of attorney’s fees pursuant to section 57.105, Florida Statutes (1983). Describing its conduct as excusable neglect, and maintaining that it possessed a meritorious defense, Niki relied on Florida Rule of Civil Procedure 1.540(b) for relief. The majority opinion holds that rule 1.540(b) is inappropriate in the absence of either a default judgment or the assertion of a due process violation. In my opinion, however, rule 1.540 contains no such limitation.
Florida Rule of Civil Procedure 1.540(b) provides in pertinent part:
On motion ... the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect. ...
Under the express language of the rule, Niki would be entitled to relief from the Final Judgment for Attorney’s Fees if it could demonstrate excusable neglect. I concur with the majority result, however, because the record does not disclose excusable neglect.
Legal Services served notice of the hearing on Niki’s attorney of record in the original action. Florida Rule of Civil Procedure 1.080(b) authorizes service of notice upon the attorney of record in a pending action until such time as counsel terminates representation of the party in accordance with Florida Rule of Judicial Administration 2.060(i). Reizen v. Florida National Bank at Gainesville, 237 So.2d 30 (Fla. 1st DCA 1970); Ginsberg v. Ginsberg, 122 So.2d 30 (Fla.3d DCA 1960). An action is deemed pending until the expiration of the time for filing an appeal. Wilson v. Clark, 414 So.2d 526 (Fla. 1st DCA 1982); Southern Title Research Co. v. King, 186 So.2d 539 (Fla. 4th DCA 1966); see Moore v. Lee, 72 So.2d 280 (Fla.1954). Legal Services notified Greenberg of the hearing on attorney’s fees one week after the entry of the judgment of dismissal for lack of prosecution, well within the thirty-day appeal period. Fla.R.App.P. 9.110(b). Thus, because the action was still pending and Greenberg had not officially withdrawn as counsel for Niki, Fla.R.Admin.P. 2.060(i), notice to Greenberg constituted service on Niki. Cf. Hernandez v. Hernandez, 478 So.2d 458 (Fla.3d DCA 1985) (service upon an attorney for petitioner in original divorce action of notice of hearing to enforce or modify dissolution decree not sufficient after dissolution decree became final). Under these circumstances, Niki’s failure to appear did not constitute excusable neglect. See Smiles v. Young, 271 So.2d 798 (Fla.3d DCA), cert. denied, 279 So.2d 305 (Fla.1973).
I would therefore hold that Niki’s failure to demonstrate excusable neglect precludes *50 a finding that the trial court abused its discretion.