In re the MARRIAGE of Dwight O. GARRETSON Jacquelinn Garretson.

Upon the Petition of Dwight O. Garretson, Petitioner–Appellant,

And Concerning Jacquelinn Garretson, Respondent–Appellee.

No. 91–997.

Court of Appeals of Iowa.

May 28, 1992.

Joseph B. Reedy, Council Bluffs, for appellant.

Matt Walsh, Council Bluffs, for appellee.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This appeal challenges the trial court's jurisdiction to modify a dissolution decree. The basis of the appeal is the trial court did not have personal jurisdiction over petitioner-appellant Dwight O. Garretson when it modified his dissolution decree. We find the trial court did not have personal jurisdiction when it modified the dissolution decree. We reverse the trial court and vacate the order modifying the dissolution decree.

■ A dissolution court retains subject matter jurisdiction to modify its decree. *See In re Marriage of Meyer*, 285 N.W.2d 10, 11 (Iowa 1979). The parties, however, are entitled to notice and an opportunity to be heard before changes in the original decree are made. The notice given must apprise the person to be notified of the proceedings to be filed and give him or her a reasonable opportunity to appear and be heard on the issue. *See Catholic Charities of Archdiocese of Dubuque v. Zalesky*, 232 N.W.2d 539, 547 (Iowa 1975); *Van Gundy v. Van Gundy*, 244 Iowa 488, 493, 56 N.W.2d 43, 46 (1952).

■ Dwight and respondent-appellee Jacquelinn Garretson's marriage was dissolved in Pottawattamie County, Iowa, in July 1988. Dwight filed an application for modification of a dissolution decree that was denied on September 12, 1990. The request that formed the trial court's basis for entering the modification order appealed from first came into existence when on September 21, 1990, Jacquelinn filed an application for modification of her dissolution decree. The trial court set the matter for hearing on October 1, 1990. The trial

court order provided notice was to be served on Dwight. There is no showing Dwight was served with notice of this hearing. The October 1, 1990, hearing was not held. On November 16, 1990, Jacquelinn again asked for a hearing date, and one was set for November 27, 1990. The order setting the November 27, hearing provided Dwight be notified by the clerk of court mailing him a copy of the order at his last known address, and a copy be served on his attorney of record, Frank E. Robak, Sr.[1] There is nothing in the trial court file showing the application was mailed to Dwight or served on Robak. Robak was his attorney in previous matters, but it was error at that point for the trial court to find he was Dwight's attorney of record for a new modification proceeding.[2] *See Meyer*, 285 N.W.2d at 11, (fact an attorney represented a party in a dissolution proceeding does not continue representation). On the bottom of the application for order of court is written "Copy to F R & M W." The identity of the person making the notation is not known.

On December 10, the court entered an order finding a hearing was set for November 27, 1990, and the clerk of court was ordered to notify Dwight of the time and place of hearing by mailing a copy to him at his last known address, and the clerk has complied with that order.[3] But the trial court file does not show the clerk ever mailed the notice. Without a proper return showing service has been made, the trial court was not authorized to find it had jurisdiction. *Gray v. Lukowski*, 241 N.W.2d 35, 39 (Iowa 1976). The trial court finding was erroneous. Consequently, the trial court did not have personal jurisdiction over Dwight on December 10, 1990, when it entered its order modifying the decree in accord with Jacquelinn's request.

*See Meyer*, 285 N.W.2d at 11; *Van Gundy*, 244 Iowa at 493, 56 N.W.2d at 45; *Blachly v. Blachly*, 169 Iowa 489, 491, 151 N.W. 447, 448 (1915). The trial court also found Frank E. Robak no longer represented Dwight. The trial court ordered a copy of the order modifying sent to Dwight. In an unidentified person's handwriting on the bottom of this order, appear the words "Copy of M Walsh & Pet."

Then on April 1, 1991, Jacquelinn filed an application seeking to have Dwight found in contempt of court for failing to obey the provision of the December 10, 1990 order. Jacquelinn obtained an order setting the application to have Dwight found in contempt for April 22, 1991. There is proof on file showing a Pottawattamie County Deputy Sheriff served the notice on Dwight on April 4, 1991. On April 12, 1991, there was filed an order rescheduling the hearing day on contempt for May 10, 1991. There is nothing in the court file, nor is there any calendar entry explaining the reason the contempt hearing was rescheduled.[4]

On May 10, 1991, the following calendar entry appears:

> This matter is continued until 1:30 p.m., May 22, 1991. All applications for modification or any kind of relief shall be filed herein within five days before this date. No further notice need be given to any parties of said hearing, this being sufficient. All matters will be disposed of at that time. Present at hearing this date are Joe Reedy, Matt Walsh and Wendall Weissner." [5]

On May 22, 1991, a proceeding was commenced.[6] At the beginning of the proceeding, attorney Reedy stated to the court Dwight was not appearing and Reedy was there exclusively to challenge jurisdiction.

---

1. The order did not specify how he was to be served or who was to serve him. However, *Meyer*, 285 N.W.2d at 11, makes it clear that service on an attorney who represented the party in a dissolution matter is not sufficient service.

2. The order that the judge signed making this finding was prepared by Jacquelinn's attorney.

3. The order the trial court signed making this finding was prepared by Jacquelinn's attorney.

4. It is suggested in Jacquelinn's brief the rescheduling was done by agreement of two attorneys.

5. There is no indication of who attorneys Joe Reedy and Wendall Weissner represented. Matt Walsh had appeared as attorney for Jacquelinn.

6. The transcript refers only to "the proceedings."

Reedy contended there was improper service on Dwight, and Dwight had not had time to answer even if there were service, and the matter was not ready for trial. The trial court overruled the objection and said it was proceeding and Reedy could go to the spectator section of the courtroom, which Reedy did.

Jacquelinn's attorney called Dwight as a witness in Jacquelinn's behalf. Jacquelinn entered the balance of her evidence. The trial court took the matter under advisement, and on May 29, 1991, entered the decree granting the relief Jacquelinn had sought in her application for modification. In the order modifying, the trial court found:

The matter was originally set for May 10, 1991, but no hearing was held on that date because a conference was held in judge's chambers and three attorneys were present, but nobody filed a pleading and the attorneys stated to the court that the court did not have jurisdiction to proceed with a hearing. Following the statements, the court dictated into the record the appearance of all the attorneys[7] and continued the matter until May 22, 1991, and ordered all applications for modification and any other pleadings be filed within five days. That on May 22, 1991, the matter was presented in open court. At the hearing an attorney announced Dwight would not participate in the proceedings because the court did not have jurisdiction. He (Dwight) was outside the courtroom and the court ordered the bailiff to escort him into the courtroom and put under oath.

Both sides seem to be in agreement that there was no personal jurisdiction over Dwight until he was served with the rule to show cause in the contempt action. Jacquelinn contends the service of the rule to show cause was sufficient service to give the trial court personal jurisdiction over Dwight in the modification matter; Dwight contends it was not.

The failure of Jacquelinn's attorney to take the simple and necessary step of seeing that Dwight was properly notified of the filing of the application to modify is the root of the problems in this appeal. Furthermore, Jacquelinn's attorney in obtaining the order to modify had an obligation to show the court that proper service had been made.

The trial court was made aware of the jurisdictional defect both on May 10, and May 22, 1991.

Any notice judicially prescribed must be such as is reasonably calculated to apprise the person to be notified of the proceedings that are filed, and afford him or her a reasonable opportunity to appear and be heard on the issue. *Catholic Charities*, 232 N.W.2d at 547.

The notice to Dwight of the contempt proceedings did not confer personal jurisdiction over Dwight for purposes of modifying the dissolution decree. That notice did not notify Dwight a modification of the decree was being sought. A notice must notify a person of the type of proceedings being filed. The next question, then, is whether the calendar entry of the trial court made on May 10, notified Dwight of the proceedings that are filed and gave him a reasonable opportunity to be heard. We find the trial court's order did not. The order did not refer to the application that had been filed and the one that the trial court granted later. The general wording of the entry and the general reference of matters to be filed did not meet the requirements of a notice.

Dwight has also challenged the speed with which the matter was acted upon. The issues the trial court heard were of custody and child support, and the time allocated was hardly reasonable to allow preparation. We reverse the trial court and vacate the order modifying the dissolution decree.

7. It is not clear from this finding or the calendar entry made by the trial court on May 10, whether the trial court meant the attorneys were just there, or whether it was finding they appeared for specific persons.

REVERSED; THE ORDER MODIFYING THE DISSOLUTION DECREE IS VACATED.

SCHLEGEL, P.J., concurs.

HABHAB, J., specially concurs.

HABHAB, Judge (specially concurring)

I concur in the result only.