This suit was commenced at the instance of the president of the plaintiff, the chief executive officer of the corporation. As such officer he was presumably empowered to commence suits in its name, and perform such other acts in its behalf as the necessities of the case demanded. A question similar to this one arose in the case of *Ricord* v. *C. P. R. R. Co.*, 15 Nev. 177. That was an action to recover damages for malicious prosecution. The corporation contended that there was no proof that the prosecution was instituted by its authority. The court, after stating that the prosecution of those whose criminal acts have injured a corporation is not outside the legitimate power of such corporation, proceeded to consider the character of proof required to connect the corporation with the prosecution, and said: "For this purpose we do not consider it necessary to produce a resolution of its board of directors. It is absurd to suppose that such a corporation will adopt a regulation requiring its directors to be convened every time a clerk is to be arrested for embezzlement, or a tramp for breaking into its cars. On the contrary, it is only reasonable to presume, in the absence of opposing proof, that its legal advisers, acting in conjunction with such of its servants and agents as have knowledge of the facts, will be authorized to institute the proper proceedings in such cases."

The judgment and order of the district court should be affirmed, and it is so ordered.

---

[No. 1107.]

RENO WATER COMPANY, RESPONDENT, v. L. W. LEE, APPELLANT.

RENO WATER COMPANY v. LEETE, *ante*, AFFIRMED.—

By the Court, BELKNAP, J.:

The same questions are raised upon this appeal as were made in the case of *Reno Water Company* v. *Leete*. Upon the authority of that case the judgment and order of the district court are affirmed.