# IN THE SUPREME COURT OF IOWA

No. 08–1888

Filed May 7, 2010

**IN THE MATTER OF THE ESTATE
OF CLEMENS GRAF DROSTE ZU
VISCHERING, Deceased,**

**J. DIXON TEWS,**

Appellant,

Appeal from the Iowa District Court for Mitchell County, Bryan H. McKinley, Judge.

In proceedings to reopen an estate, the executor appeals from an interlocutory order in which the district court determined it was unnecessary for petitioners to comply with the Hague Service Convention in serving process on the estate beneficiary, who resides in Germany. **DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

Eric G. Hoch and Jerry P. Alt of Finley, Alt, Smith, Scharnberg, Craig, Hilmes & Gaffney, P.C., Des Moines, for appellant.

Michael M. Sellers of Sellers, Heraldson and Binford, Des Moines, for appellee.

**BAKER, Justice**.

In proceedings to reopen an estate, the executor appeals from an interlocutory order in which the district court agreed with petitioners that it was unnecessary for them to comply with international treaty requirements for service abroad in serving process on the estate beneficiary, who resides in Germany. We find the district court erred in ruling that service of process on the estate beneficiary did not require compliance with the Hague Service Convention.

## I.     Background Facts and Proceedings.

In April 2008, the petitioners filed an application in district court to reopen the estate of Clemens Graf Droste Zu Vischering. All of the petitioners were, at one time, tenants of a commercial building in West Des Moines, Iowa. Clemens was the sole owner of this office building from approximately 1982 until at least November 1997. Petitioners allege Clemens breached their rental agreements and defrauded them by using a secret formula to increase the rent charged for the office spaces the petitioners occupied. They claim the lease language guaranteed them a specific number of square feet of office space for the price being charged pursuant to the terms of the written contracts. They have petitioned to reopen the estate to procure the information necessary to properly pursue their claims.

In November 1997, Clemens transferred his interest in the building to a limited liability company, Vischering, L.L.C. Vischering, L.L.C.'s principal place of business activity is located at the building in West Des Moines. Clemens then sold his interest in the L.L.C. to his son Benedikt Graf Droste zu Vischering. Clemens died on June 3, 1998.

A petition for the probate of Clemens's will was filed in February 1999. Benedikt was the sole beneficiary of Clemens's estate. Due to Clemens's status as a nonresident alien, there was a dispute with the German taxing authority concerning the estate's federal and state tax liabilities. Clemens's estate finally closed on October 5, 2006. At that time, the court declared there were no claims filed against the estate.

The petitioners' application to reopen the estate was filed on April 18, 2008. The district court issued an order scheduling a hearing on the application and directing that a copy of the order and a copy of the petitioners' application be served upon Benedikt at his residence in Germany. The executor of Clemens's estate filed a resistance to the petitioners' application to reopen the estate.

The petitioners attempted to serve Benedikt at his residence in Germany by mail on July 9, 2008, and through personal service on July 30, 2008. The executor moved to quash the service, claiming it was defective as petitioners failed to comply with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [hereinafter "Hague Service Convention"]. The estate alleged that the district court's ruling demanded that Benedikt be personally served in Germany, triggering the application of the Hague Service Convention which required the petitioners serve him through the German Central Authority and provide German translations of the petition. Because the executor claimed the petitioners failed to comply with these requirements, he asked the court to dismiss their claims without prejudice as they failed to serve Benedikt with original notice within ninety days of the filing of the petition.

Petitioners' original claims were dismissed. A new case, involving the same parties and claims, was filed against Clemens's estate. In connection with this case, the petitioners filed a supplemental application to reopen the estate. The application also requested that the court order direct personal service of Benedikt at his residence in Germany in accordance with the court's order concerning petitioners' original claim. The court subsequently entered an order declaring the executor's motion to quash the service moot.

The executor filed a resistance to the petitioners' supplemental application. The district court ruled that service of process on Benedikt did not require compliance with the Hague Service Convention. The court reasoned that since neither Iowa Rule of Civil Procedure 1.305 or Iowa Rule of Civil Procedure 1.306 define the applicable method of serving process as requiring the transmittal of documents abroad, the Hague Service Convention did not apply and petitioners were not required to comply with its provisions. The court once again ordered that a copy of the petitioners' application, the amended application, and the court's order requiring notice be served on Benedikt at his residence in Germany.

Soon after this order, the Clemens's estate filed an application for interlocutory appeal, claiming the district court erred in determining the Hague Service Convention did not apply, and therefore the petitioners were not required to comply with its provisions in serving Benedikt with original notice. The estate also asked that the proceedings below be stayed during the pendency of the appeal. The petitioners filed a resistance to Benedikt's appeal. We granted the executor's application.

**II.    Scope of Review.**

In federal court, the trial court's interpretation of a treaty is subject to de novo review.  *State v. Lopez*, 633 N.W.2d 774, 781 (Iowa 2001) (citing *Blake v. Am. Airlines, Inc.*, 245 F.3d 1213, 1215 (11th Cir. 2001)). Our review is, likewise, de novo.  *State v. Buenaventura*, 660 N.W.2d 38, 44 (Iowa 2003).  The meaning of the language used in a treaty, however, is a question of law.  *Lopez*, 633 N.W.2d at 781.

**III.    Discussion and Analysis.**

The executor claims that the Hague Service Convention applies to this case, and its requirements demand service of German-translated original notice documents upon and through Germany's Central Authority.  The Hague Service Convention is a multilateral treaty that was formed in 1964 at the Hague Conference of Private International Law.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698, 108 S. Ct. 2104, 2107, 100 L. Ed. 2d 722, 730 (1988).  We have never had occasion to consider the Hague Service Convention and its interplay with the Iowa Rules of Civil Procedure concerning the service of process when the party to be served is living abroad in one of the signatory countries to the Convention.

The Hague Service Convention was intended to revise parts of the Hague Convention Treaties on Civil Procedure from 1905 and 1954.  *Id.*; Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 [1969], 20 U.S.T. 361, T.I.A.S. No. 6638.  The revisions were intended to

> simplify the service of process abroad so as to insure that judicial and extrajudicial documents to be served abroad are brought to the notice of the addressee in sufficient time, and to make available one method of service that will avoid the difficulties and controversy attendant to the use of other methods.

Marjorie A. Shields, Annotation, *When Is Compliance with Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Art. 1 et seq., Required,* 18 A.L.R. Fed. 2d 185, 197 (2007). Both the United States and Germany have ratified or acceded to the Convention. *Volkswagenwerk*, 486 U.S. at 698, 108 S. Ct. at 2107, 100 L. Ed. 2d at 730.

The scope of the Convention is defined by Article 1. *Id.* at 699, 108 S. Ct. at 2108, 100 L. Ed. 2d at 730. It states: "The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Service Convention art.1, 20 U.S.T. at 362. The United States Supreme Court has declared that this language is mandatory. *Volkswagenwerk*, 486 U.S. at 699, 108 S. Ct. at 2108, 100 L. Ed. 2d at 730 (citing *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 534 n.15, 107 S. Ct. 2542, 2550 n.15, 96 L. Ed. 2d 461, 478 n.15 (1987)). "By virtue of the Supremacy Clause, U.S. Const. Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." *Id.*

Our task is to determine whether this is a case to which the Convention applies. The district court held that because the Iowa Rules of Civil Procedure do not define the applicable method of serving process in this case as requiring the transmittal of documents abroad, the Hague Service Convention did not apply. The court came to this conclusion by analyzing the requirements of Iowa Rules of Civil Procedure 1.305 and 1.306.

Iowa Rule of Civil Procedure 1.305 outlines acceptable forms of personal service of original notice under Iowa law. Iowa R. Civ. P. 1.305. The Rule provides in pertinent part:

> Original notices are "served" by delivering a copy to the proper person. Personal service may be made as follows:
>
> **1.305(1)** Upon any individual who has attained majority and who has not been adjudged incompetent . . . by serving the individual personally; or by serving, at the individual's dwelling house or usual place of abode, any person residing therein who is at least 18 years old . . . .
>
> . . . .
>
> **1.305(14)** If service cannot be made by any of the methods provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.

*Id.* The district court determined that 1.305(14) was applicable in this case because the court's earlier order directed the petitioners to serve a copy of the application to reopen the estate on Benedikt at his residence in Germany.

> Iowa Rule of Civil Procedure 1.306 states:
>
> Service may be made on any . . . individual . . . as provided in rule 1.305 within or without the state or, if such service cannot be so made, in any manner consistent with due process of law prescribed by order of the court in which the action is brought.
>
> Nothing herein shall limit or affect the right to serve an original notice upon any . . . individual . . . within or without this state in any manner now or hereafter permitted by statute or rule.

The court reasoned that the Hague Service Convention did not apply to the case because the district court had ordered service in a manner authorized by rule 1.305, and under rule 1.306 nothing could limit the right to serve individuals outside Iowa utilizing the methods approved in rule 1.305. The court indicated that following the requirements of the

Hague Service Convention would have limited or affected the ability to serve those outside the state with personal service.

We find the district court erred in both its interpretation of the controlling case law and its application of Iowa Rule of Civil Procedure 1.306. The Supreme Court decision in *Volkswagenwerk* holds that American plaintiffs need not serve foreign defendants at locations abroad if the law of the forum state allows for plaintiffs to serve the defendant's domestic agent within the United States. *Volkswagenwerk*, 486 U.S. at 707, 108 S. Ct. at 2112, 100 L. Ed. 2d at 735–36. *Volkswagenwerk* concerned a wrongful death action brought against Volkswagen of America, Inc. *Id.* at 696, 108 S. Ct. at 2106, 100 L. Ed. 2d at 728–29. In *Volkswagenwerk*, the plaintiff successfully served Volkswagen of America, but Volkswagen of America denied it had designed or assembled the automobile at issue. *Id.* The plaintiff amended the complaint to include Volkswagen Aktiengesellschaft, Volkswagen of America's German parent company. *Id.* The plaintiff then served Volkswagen Aktiengesellschaft by serving Volkswagen of America as its agent. *Id.* at 697, 108 S. Ct. at 2106, 100 L. Ed. 2d at 729. Illinois, the state where Volkswagen of America was registered to do business, has a long-arm statute that authorizes plaintiffs to serve foreign defendants by substituted service on their domestic agents. *Id.* at 706, 108 S. Ct. at 2111–12, 100 L. Ed. 2d at 735. The Court determined that the Illinois long-arm statute provided " 'notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id.* at 707, 108 S. Ct. at 2112, 100 L. Ed. 2d at 735 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652,

657, 94 L. Ed. 865, 873 (1950)). The Court also determined that Volkswagen of America was the domestic agent of Volkswagen Aktiengesellschaft. *Id.* Because the Court determined that service on a domestic agent is valid and service abroad was not required, the Court held that the Hague Service Convention did not apply. *Id.*

In the case at issue, the district court ordered the petitioners to serve Benedikt at his residence in Germany and, in fact, documents have been served abroad, first by mail and then by personal service. "If the . . . forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Id.* at 700, 108 S. Ct. at 2108, 100 L. Ed. 2d at 731. While the internal law of the forum state may determine whether serving notice on a defendant must be accomplished through personal service abroad, once the court orders documents to be transmitted abroad, the provisions of the Convention apply. *Id.*

Iowa Rule of Civil Procedure 1.306 allows for defendants outside of Iowa to be served in the manners set forth in rule 1.305. Iowa R. Civ. P. 1.306. It also states that "[n]othing herein shall limit or affect the right to serve an original notice upon any . . . individual . . . within or without this state in any manner now or hereafter permitted by statute or rule." *Id.* The district court appears to have interpreted this provision as declaring that anything that conflicts with the methods of service allowed by the law of Iowa is void or need not be followed.

The Supremacy Clause establishes the United States Constitution, federal statutes, and U.S. treaties as "the supreme Law of the Land." U.S. Const., Art. VI, § 2. The United States has ratified the Hague Service Convention. *Volkswagenwerk,* 486 U.S. at 698, 108 S. Ct. at

2107, 100 L. Ed. 2d at 730. It is the supreme law of the land and pre-empts any inconsistent service methods allowed by state law. *Id.* at 699, 108 S. Ct. at 2108, 100 L. Ed. 2d at 730. Iowa Rules of Civil Procedure do not trump the Hague Service Convention and allow Benedikt be personally served in Germany when the Convention requires that he be served through the German Central Authority. *See Eto v. Muranaka*, 57 P.3d 413, 420 (Haw. 2002) ("It is evident, then, that Hawai'i law cannot override the Hague Convention, when the Convention applies."). The district court erred in determining the Hague Service Convention did not apply in this case.

Having determined that the Hague Service Convention applies, we must determine if the manner of service complies with the Convention. Three liberal methods of service employed by the petitioners are permitted under the Hague Service Convention. *Dahya v. Second Judicial Dist. Court ex rel. County of Washoe*, 19 P.3d 239, 242 (Nev. 2001). First, service may go through the central authority of the receiving country. *Id.* (citing Hague Service Convention art. 5, 20 U.S.T. at 362). Second, service may go through diplomatic or consular agents that the receiving country considers "non-objectionable." *Id.* (citing Hague Service Convention art. 8–11, 20 U.S.T. at 363–64). Third, service may be done by any method permitted by the internal law of the receiving country. *Id.* (citing Hague Service Convention art. 19, 20 U.S.T. at 365). In Germany, service is only permitted through the Central Authority although personal service may be affected by court personnel if specifically requested through the Central Authority. Hague Convention Conference on Private International Law, Germany—Central Authority & practical information, *Replies to the 2003 and/or 2008 Service Convention Questionnaire*, http://www.hcch.net/index_en.php?act=auth

orities.details&aid=257 (detailing Germany's objection to Article 10 of the Convention which allowed for direct personal service); *see also* Hague Service Convention art. 10, 20 U.S.T. at 363 (providing authority for the country of destination to object to the methods of service allowed by Article 10 of the Convention).

The petitioners attempted to serve Benedikt at his residence in Germany by mail and through personal service. The record contains a return receipt which confirms that they attempted to serve Benedikt personally in compliance with German law through the Coesfeld District Court in Germany; however we are unable to discern if this attempted service was properly commenced through the Central Authority. We are also unable to determine whether the documents were translated into German before being served. As these are two central requirements of the Hague Service Convention, on this record we are unable to determine whether the petitioners complied with the requirements of the Convention.

## IV.  Disposition.

We hold the district court erred in ruling that service of process on Benedikt did not require compliance with the Hague Service Convention and that the petitioners need not comply with the Convention's requirements of German-translated documents sent through the German Central Authority. The case is remanded to determine if service as accomplished complied with the requirements of the Hague Service Convention.

**DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**