# IN THE COURT OF APPEALS OF IOWA

No. 14-0469
Filed August 19, 2015

**TAMMIE ACKELSON,**
        Plaintiff-Appellee,

**vs.**

**MANLEY TOYS LTD. and
TOY QUEST, LTD.,**
        Defendants-Appellants.

_____

**ROBIN DRAKE and HEATHER MILLER,**
        Plaintiffs-Appellees,

**vs.**

**MANLEY TOYS LTD. and
TOY QUEST, LTD.,**
        Defendants-Appellants.
_____

        Appeal from the Iowa District Court for Warren County, David L. Christensen, Judge.

        Foreign entity defendants appeal from the district court order requiring their attorneys in an Iowa lawsuit to accept service for the entities. **AFFIRMED.**

        David H. Luginbill and Lindsay A. Vaught of Ahlers & Cooney, P.C., Des Moines, for appellants.

        Thomas A. Newkirk, Jill M. Zwagerman, and Bryan P. O'Neill of Newkirk Zwagerman, P.L.C., Des Moines, for appellees.

        Heard by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

This case presents the question of whether the district court had the authority to order Iowa counsel to accept service on behalf of two foreign entities sued in the State of Iowa. Based on the unique circumstances presented in this case, we answer the question in the affirmative.

I.

In 2010, the plaintiffs sued their Iowa employers, Manley Toy Direct, L.L.C., and Toy Network, L.L.C., and related companies for alleged violations of the Iowa Civil Rights Act, Iowa Code chapter 216 (2009). Additional related-entity defendants were added in two amendments, including Manley Toys Limited and Toy Quest, Ltd. (collectively, hereinafter "Entity Defendants"). The record reflects the Entity Defendants are Chinese companies located in Hong Kong. The Entity Defendants do not have a domestic agent for service of process in Iowa or the United States.

The Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, 20 U.S.T. 361, 1969 WL 97765 (Nov. 15, 1965) [1969] (hereinafter "Hague Convention"), is an international treaty governing the service of judicial or extrajudicial documents abroad for countries acceding to the treaty. *See* 20 U.S.T. at 362 (stating the Hague Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad"). The United States ratified the treaty in 1969. The People's Republic of China acceded to the treaty in 1991. By declaration, the People's Republic of China

made the Hague Convention applicable to Special Administrative Region of Hong Kong effective July 1, 1997, upon China's resumption of sovereignty over the same pursuant to the Joint Declaration of the Government of the People's Republic of China and the Government of the United Kingdom of Great Britain and Northern Ireland on the Question of Hong Kong signed on 19 December 1984.

Pursuant to the Hague Convention, the plaintiffs served the Entity Defendants through the Central Receiving Authority in Hong Kong. A bailiff's assistant of the High Court of Hong Kong returned affidavits of service on the companies. The affirmations noted the bailiff's assistant went to the address provided and, according to the bailiff's assistant:

> On arrival at the aforesaid address, I found that it was operating by two companies namely Manley Toys Limited and Toy Quest Limited, of which a female staff member, Ms. Lo Ming informed me that the aforesaid address was the registered office of the said party for service. Therefore, I effect service of the aforesaid judicial documents by leaving the same at the registered office of the party for service.

In June 2013, local counsel for entities related to the Entity Defendants filed their application to withdraw as counsel, citing Iowa Rule of Professional Conduct 32:1.16(a)(1) (providing an attorney may withdraw when continued representation "will result in violation of the Iowa Rules of Professional Conduct"). The application to withdraw was granted.

Subsequently, different local counsel appeared in this suit and moved to dismiss or quash service. Submitted with the motions were affidavits in which the Entity Defendants denied having an employee, staff member, or agent named Lo Ming and which denied effective service. The district court quashed

the service on the foreign defendants based largely in part on a similar ruling made in related litigation involving substantially similar issues and defendant parties in the United States District Court for the Southern District of Iowa. The Entity Defendants state this court may take judicial notice of the related federal suit. Documents from that suit were made part of this record.

After the district court granted the Entity Defendants' motion to quash service, the plaintiffs filed a motion for leave to amend their petition and motion to serve the Entity Defendants in Iowa through their local attorneys. In support of the motion, Ackelson provided a declaration from an employee of a company related to the Entity Defendants stating he was instructed on how to avoid service of process. The plaintiffs also provided email from Brian Dubinsky, a principal or owner of the several related entities. The email demonstrated that in the past the related companies fabricated documents for the purpose of evading service or evading liability in lawsuits.

Following a hearing, the district court granted the motion to amend the petition and the motion to serve the Entity Defendants through their local attorneys in Iowa. The district court determined the Hague Convention did not preclude service on Iowa counsel:

> This Court finds convincing the rationale of *Brown*[1] and *Volkswagenwerk*[2] that merely being a signatory to the Hague Service Convention does not compel the conclusion that the Hague Service Convention applies. This is consistent with the Iowa Supreme Court's decision in *Estate of Vischering*.[3] Unlike the

---

[1] *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 564 (C.D. Cal. 2012).
[2] *Volkswagenwerk Aktiengesellshaft v. Schlunk*, 486 U.S. 694 (1988).
[3] *In re Estate of Graf Droste Zu Vischering*, 782 N.W.2d 141 (Iowa 2010).

service at issue in *Estate of Vischering*, the proposed service here would take place in Iowa, not Hong Kong or Germany (as was the service in *Estate of Vischering*). Because service would not take place abroad, the Court finds that the Hague Service Convention would not apply to service on [the Chinese corporations'] Iowa counsel.

The district court further determined it could order local counsel to accept service on behalf of the Entity Defendants pursuant to Iowa Rule of Civil Procedure 1.305(14). The court also determined such service did not violate the Entity Defendants' right to due process. The district court's ruling was the same as the federal court decision in the related case. The Entity Defendants filed an application for interlocutory appeal, which the supreme court granted. The supreme court then transferred the appeal to this court.

II.

The defendants first contend the district court's order requiring local counsel to accept service violates the Hague Convention. Specifically, the defendants contend the plain language of the Hague Convention requires the transmission of documents abroad for service of process. We review the district court's interpretation of the treaty for correction of errors at law. *See* Iowa R. App. P. 6.907; *see In re Estate of Graf Droste Zu Vischering*, 782 N.W.2d 141, 144 (Iowa 2010) (interpreting the Hauge Convention); *see also L.F. Noll, Inc. v. Eviglo*, 816 N.W.2d 391, 393 (Iowa 2012) (interpreting statute concerning service).

We conclude the defendants' argument is without merit. The plain language of the treaty does not require that a foreign defendant be served with process abroad: "The present Convention shall apply in all cases, in civil or

commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Volkswagenwerk *Aktiengesellshaft v. Schlunk*, 486 U.S. 694, 699 (1988), Hague Convention, 20 U.S.T. at 362. Instead, the plain language of the treaty provides only that it shall control the manner of service of judicial or extrajudicial documents on those occasions such documents are transmitted abroad. Two controlling cases reach the same conclusion.

In *Volkswagenwerk*, the plaintiff served in the United States the American subsidiary of a German company, which, under Illinois law, was the company's agent for service of process. *See* 486 U.S. at 696. The Supreme Court was faced with the question whether such service "is compatible with" the Hague Convention. *See id.* The Court explained "[b]y virtue of the Supremacy Clause, . . . the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." *Id.* The Convention "does not specify the circumstances in which there is 'occasion to transmit' a complaint 'for service abroad.'" *Id.* at 700. The Court reasoned that because the Hague Convention does not prescribe a standard for determining the sufficiency of notice, courts "almost necessarily must refer to the internal law of the forum state." *Id.* The Court further reasoned that "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." *Id.* at 707. Noting due process "does not require an official transmittal of documents abroad every time there is service on a foreign national," the court concluded "this case does not present an occasion to transmit a judicial document for service abroad within the meaning of

Article I. Therefore the Hague Service Convention does not apply, and service is proper." *Id.* at 708.

In *In re Estate of Clemens Graf Droste Zu Vischering*, 782 N.W.2d 141 (Iowa 2010), former tenants of a commercial office building owned by the decedent, Clemens, sought to reopen his estate. 782 N.W.2d at 142. The district court scheduled a hearing on the application and directed a copy of the scheduling order and application to reopen the estate be served in Germany on the sole beneficiary of the estate. The plaintiffs attempted personal and mail service in Germany. *Id.* at 143, 147. The executor moved to quash service, alleging the service was defective because it did not comply with the Hague Convention. In denying the motion, the district court held service did not need to comply with the Hague Convention because neither Iowa Rule of Civil Procedure 1.305 nor Rule 1.306 required the transmittal of documents abroad. Our supreme court reversed, explaining, "While the internal law of the forum state may determine whether serving notice on a defendant must be accomplished through personal service abroad, once the court orders documents to be transmitted abroad, the provisions of the Convention apply." *Id.* at 146 (citing *Volkswagenwerk*, 486 U.S. at 700).

We conclude the district court did not err in concluding the Hague Convention was inapplicable to the service of process in Iowa on the Entity Defendants' counsel. The Convention only governs the manner of service of process of judicial or extrajudicial documents transmitted abroad. Here, the district court ordered local counsel to accept service of process in Iowa and not

Hong Kong. The Hague Convention is thus inapplicable. *See, e.g., Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 564 (C.D. Cal. 2012) ("If valid service occurs in the United States . . . , the Convention is not implicated regardless of the location of the party.").

III.

For service on domestic counsel to be valid, the law of the forum state must allow such service. *See Vischering*, 782 N.W.2d at 145. "Iowa Rule of Civil Procedure 1.305 outlines acceptable forms of personal service of original notice under Iowa law." *Id.* Iowa Rule of Civil Procedure 1.306 allows for alternative methods of service for business entities domiciled outside Iowa. *See* Iowa R. Civ. P. 1.306 ("Service may be made on any such corporation, individual, personal representative, partnership or association as provided in Rule 1.305 within or without the state or, if such service cannot be so made, in any manner consistent with due process of law prescribed by order of the court in which the action is brought."). Here, the district court ordered counsel to accept service pursuant to Rule 1.305(14). That is a catch-all provision that provides if "service cannot be made by any of the methods provided by this rule, any defendant may be served as provided by court order, consistent with due process of law." Prior to ordering service under this rule, the district court must find service could not have been made under any method provided in Rule 1.305. *See In re Marriage of Meyer*, 285 N.W.2d 10, 11-12 (Iowa 1979). In addition, the alternative method of service must also comply with due process. *See Volkswagenwerk*, 486 U.S. at 707; *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The defendants argue the district court erred in ordering counsel to accept service of the original notice pursuant to Rule 1.305(14) because the plaintiffs could have served the defendants some other way. Specifically, Rule 1.305(6) provides personal service can be made on an entity "by serving any present or acting or last known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice, or on the general partner of a partnership." The plaintiffs attempted service pursuant to Rule 1.305(6) by transmitting the original notice and petition abroad pursuant to the Hague Convention, but the district court quashed the service. The Entity Defendants contend the plaintiffs were required to continue to attempt service pursuant to Rule 1.305(6) because it is possible service abroad may work at some point.

We conclude the district court did not abuse its discretion in ordering the Entity Defendants' counsel to accept service under the limited circumstances presented here. The Entity Defendants have no domestic agents or subsidiaries, either in Iowa or in other states, to accept service. The plaintiffs transmitted the original notice abroad in accord with the Hague Convention, but the Entity Defendants successfully quashed the service. While we agree with the defendants that there is a metaphysical possibility the defendants could be served pursuant to Rule 1.305(6) through repeated attempts, Rule 1.305(14) does not require the plaintiffs to engage in futile efforts ad infinitum merely because there is some metaphysical possibility the plaintiffs might be able to serve the defendants. The reality is the plaintiffs already have exerted

substantial effort and money to serve documents in compliance with Rule 1.305(6) and the Hague Convention. They have also spent a significant amount of time doing the same. Continued efforts at serving the Entity Defendants' agent or agents in Hong Kong appear futile in light of the evidence that the Entity Defendants, their related companies, and the interrelated management of these companies are engaged in corporate entity three-card monte for the sole purpose of evading service of process and evading potential liability for their conduct. There is sufficient evidence that service of process "cannot" be made pursuant to Rule 1.305 except for the catchall provision set forth in Rule 1.305(14).

Service on the Entity Defendants' counsel must still afford the defendants due process. *See Mullane*, 339 U.S. at 314. The test is whether the service of process was "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brown*, 285 F.R.D. at 565. "Due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service on their behalf. Instead, '[t]he reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected.'" *Id.* at 565-66 (citations omitted).

We conclude ordering counsel to accept service of process afforded the defendants due process. There is no doubt local counsel are in direct and substantial contact with their attorneys such that serving notice on the attorneys would provide the Entity Defendants with "notice reasonably calculated, under all

the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. The principals and owners of the related companies are largely the same. As found by the district court in the related federal case, "There is no dispute that many, if not all, of the defendant corporations are closely related, and that many of the same individuals are involved in their ownership and daily management. . . . It also is clear that the corporations use many of the same employment forms and documents, transfer employees back and forth, and perform both activities in a lackadaisical fashion." Having counsel accept service will undoubtedly provide the defendants with notice of this suit and provide them with an opportunity to defendant against the suit.

Several other considerations support the conclusion that the Entity Defendants have been provided with sufficient process. The mere existence of the federal suit in the Southern District of Iowa, involving substantially the same evidence and parties, makes it unlikely that the defendants were unaware of this suit. It also makes it unlikely that ordering counsel to accept service will place an unexpected and additional burden on the Entity Defendants' management and staff. Second, as noted by the district court, "it [was] undeniable that service through Defendants' Iowa-based counsel would serve the dual purpose of avoiding unnecessary costs and greatly expediting this litigation." Third, nothing in our opinion is meant in any way to address issues related to personal jurisdiction over the Entity Defendants. We address only the very limited issue of

whether the method of serving process ordered in this case was permissible under Iowa law.  We conclude it was.

### IV.

For the foregoing reasons, we conclude the order directing counsel for the defendants to accept service was not erroneous or an abuse of discretion.  We remand this matter for further proceedings.  We do not retain jurisdiction.

**AFFIRMED AND REMANDED.**